■ PETER LUCKEL, Respondent, v ROBERT KOLINSKY, Appellant.—Casey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Jiudice, J.), entered November 16, 1988 in Dutchess County, which, inter alia, denied defendant's motion to dismiss the complaint.

For a first cause of action the complaint alleges that on or about January 12, 1987, plaintiff entered into an agreement with defendant whereby defendant was to convey to plaintiff 50% of defendant's interest in certain lands, in consideration of plaintiff's entering into a joint venture with defendant to erect houses on the properties; that plaintiff did enter into said joint venture and commenced erecting houses on certain of the properties; and that plaintiff's performance and plaintiff's readiness to continue to perform require defendant to specifically perform his part of the contract. A second cause of action seeks damages for the contract's breach. Prior to the expiration of the time to answer, defendant moved for dismissal of the complaint pursuant to CPLR 3211 (a) (5) and (7) on the grounds that the complaint failed to state a cause of

action and that the two causes of action alleged therein were barred by the Statute of Frauds. Plaintiff cross-moved for summary judgment on the ground that no triable issue of fact existed.

Supreme Court denied both motions. Supreme Court held that accepting the facts alleged in the complaint as true, viable causes of action were stated. With respect to plaintiff's cross motion for summary judgment, Supreme Court denied that motion without prejudice to a subsequent renewal because it was made before the joinder of issue and, therefore, was premature.

Defendant has appealed from the order denying his motion to dismiss the complaint. The criterion applied on a motion to dismiss is whether the complaint as a pleading states any cause of action cognizable at law which is discernible from the factual allegations contained within the four corners of the complaint *(Guggenheimer v Ginzburg,* 43 NY2d 268, 275; *Foley v D'Agostino,* 21 AD2d 60, 64-65). As to defendant's argument that the Statute of Frauds bars plaintiff's action, dismissal should not result for that reason unless it can be said that no significant dispute exists as to the sufficiency of the memoranda that satisfies the Statute of Frauds *(see, Rappaport v International Playtex Corp.,* 43 AD2d 393, 394-395).

As a pleading, the complaint states a legally sufficient cause of action for specific performance and breach of contract. Furthermore, whether the memoranda, that has admittedly been destroyed by defendant, was sufficient to satisfy the Statute of Frauds presents a serious factual dispute. Accordingly, the order of Supreme Court should be affirmed.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Mercure and Harvey, JJ., concur.