■ VERONICA D. GOTTLIEB, Appellant, v ERIC M. GOTTLIEB, as Administrator of the Estate of RICHARD GOTTLIEB, Deceased, et al., Respondents.—In an action to declare the rights of the parties with respect to a shareholders' agreement and to impose constructive trusts upon the decedent's interest in his business and upon his home, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Suffolk County (Hand, J.), dated April 4, 1989, as granted those branches of the defendant administrator's motion which were to dismiss the first cause of action asserted in the complaint pursuant to CPLR 3211 (a) (7) and to dismiss the third cause of action asserted in the complaint pursuant to CPLR 3211 (a) (5) and (7), and (2) a judgment of the same court, entered May 5, 1989, which dismissed the first and third causes of action asserted in the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by (1) deleting from the decretal paragraph thereof the words "and third causes" and substituting therefor the word "cause" and (2) deleting from the decretal paragraph thereof the word "are" and substituting therefor the word "is"; as so modified, the judgment is affirmed; and it is further,

Ordered that the order dated April 4, 1989, is modified accordingly, that branch of the defendant administrator's motion which was to dismiss the third cause of action is denied, and that cause of action is reinstated; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

In the third cause of action of the instant complaint, the plaintiff alleged that she was entitled to have a constructive trust imposed on certain real property located in Port Jefferson Station, New York. Specifically, the plaintiff alleged in this cause of action that while she and the decedent Richard Gottlieb were living together, they purchased the subject property and a home was constructed thereon. Although the deed contained the decedent's name alone and the mortgage loan was made to him alone, the plaintiff alleged that (1) she and the decedent "jointly shopped for, negotiated for and purchased the land upon which the said home was constructed", (2) she and the decedent "jointly planned" and "supervised" the "physical layout and construction of the said home", (3) she "contributed financially to the improvement of, maintenance and upkeep of the said home" and (4) she invested her labor and money in reliance upon the decedent's promise that he would put the deed in both of their names.

In order to set forth a valid cause of action to impose a constructive trust, four elements must be alleged: (1) a confidential or fiduciary relationship, (2) a promise express or implied, (3) a transfer in reliance thereon, and (4) unjust enrichment (see, Sharp v Kosmalski, 40 NY2d 119, 121). The defendant administrator does not contest the fact that the plaintiff has sufficiently pleaded the first, second and fourth elements of a constructive trust (see, Sharp v Kosmalski, supra). Moreover, the complaint's allegations covering the contribution of money and work toward the purchase of the land and the construction of the home are sufficient to satisfy the third element of a constructive trust, i.e., the "transfer in reliance" element (see, Washington v Defense, 149 AD2d 697; Lester v Zimmer, 147 AD2d 340). Finally, we note that the Statute of Frauds is not a defense to a properly pleaded cause of action to impose a constructive trust upon real property (see, Vanasco v Angiolelli, 97 AD2d 462; cf., Stephan v Shulman, 130 AD2d 484). Accordingly, the Supreme Court improperly dismissed the third cause of action asserted in the complaint, and that cause of action is reinstated. Mangano, P. J., Thompson, Lawrence and O'Brien, JJ., concur.