■ JOSEPH DELANGO et al., Respondents, v ANTHONY J. DELANGO et al., Appellants. [609 NYS2d 680] —In an action, *inter alia,* for the imposition of a constructive trust, the defendants appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), entered July 2, 1992, as denied their cross motion to dismiss the plaintiffs' complaint pursuant to CPLR 3211.

Ordered that the order is affirmed insofar as appealed from, with costs.

We agree with the Supreme Court that the complaint stated a cause of action for the imposition of a constructive trust *(see, Rovello v Orofino Realty Co.,* 40 NY2d 633; *Sharp v Kosmalski,* 40 NY2d 119; *Matter of Wieczorek,* 186 AD2d 204). We also agree with the Supreme Court that the Statute of Frauds is not a defense to an action seeking the imposition of a constructive trust *(see, Gottlieb v Gottlieb,* 166 AD2d 413; *Marcoux v Marcoux,* 123 AD2d 844; *see generally, Theory of Constructive Trusts An Exception to the Statute of Frauds,* 29 Fordham L Rev 561 [1967]).

The defendants Anthony J. Delango and his corporation, Anthony J. Delango Realty Corp., also argue that the part of the complaint which seeks to impose a constructive trust on two parcels of real property is time barred, because Anthony J. Delango acquired title to these two parcels more than six years before the action was commenced *(see,* CPLR 213). The plaintiffs argue that the gravamen of the complaint was not that Anthony J. Delango wrongfully withheld the property from the plaintiffs since its acquisition, but that Anthony J. Delango only began to wrongfully withhold the property when he conveyed the property out of the plaintiffs' reach.

If, as the complaint alleges, Anthony J. Delango always acknowledged the plaintiff's interest in the properties, the alleged wrongful act only occurred when he conveyed the property out of the plaintiffs' reach, and the Statute of Limitations only began to run on that date *(see, Sitkowski v Petzing,* 175 AD2d 801; *Dybowski v Dybowska,* 146 AD2d 604; *see also,* Annotation, *When Statute of Limitations Starts to Run Against Enforcement of Constructive Trust,* 55 ALR2d 220).

Accordingly, the cross motion to dismiss the complaint pursuant to CPLR 3211 was properly denied. Thompson, J. P., Rosenblatt, Ritter and Santucci, JJ., concur.