■ JANE L. KNIGHT, Respondent, v RICHARD W. KIRKER, Appellant. [610 NYS2d 678] —Mercure, J. Appeal from an order of the Supreme Court (Keniry, J.), entered March 31, 1993 in Saratoga County, which denied defendant's motion to, *inter alia,* dismiss the complaint for failure to state a cause of action.

The complaint in this action alleges in pertinent part that in May 1983 the parties entered into an oral contract providing for plaintiff's conveyance to defendant of her residence, valued at $325,000, and any adjoining property thereafter acquired by plaintiff and, further, that so long as the parties both lived, they would reside together, with plaintiff serving as homemaker and defendant providing for the parties' financial needs. It is undisputed that between July 1984 and October 1986, plaintiff caused her residence and additional adjoining parcels of real property to be conveyed to herself and defendant as joint tenants. Alleging defendant's refusal to perform under the contract after the February 20, 1992 termination of the parties' relationship, the complaint seeks judgment compelling defendant to provide plaintiff with support and maintenance of $300 per week during the parties' joint

lives and counsel fees and other expenses of the action. In his answer, defendant raised the Statute of Frauds as a defense and counterclaimed for partition of the real property. Defendant subsequently moved, among other things, to dismiss the complaint for failure to state a cause of action (CPLR 3211 [a] [7]) and as barred by the Statute of Frauds (CPLR 3211 [a] [5]),* and for an order of reference on the counterclaim. Concluding that the complaint stated a cause of action and was not barred by the Statute of Frauds, Supreme Court denied the motion in its entirety. Defendant appeals.

There should be an affirmance. Initially, we agree with Supreme Court that the action is not barred by General Obligations Law § 5-703, which, stated most simply, requires that a conveyance, or a contract for the conveyance, of an interest in real property be in writing. Here, so much of the parties' alleged contract as provided for the conveyance of real property had been fully performed several years prior to the commencement of the action. As such, "the present controversy is not in respect of the land", and the statute has no application *(Bork v Martin,* 132 NY 280, 284). Clearly, defendant, having reaped the benefit of plaintiff's performance of her oral promise to convey the realty, may not now avoid his performance under the contract by, in effect, arguing that plaintiff's performance could not have been compelled *(see, supra).* This is not at all like the usual case, where the action is brought for specific performance of a claimed promise to convey an interest in realty *(cf., Burns v McCormick,* 233 NY 230, 232; *Baron v Jeffer,* 131 AD2d 411; 61 NY Jur 2d, Statute of Frauds, § 249, at 389-390).

As a final matter, accepting all of the allegations without opinion as to plaintiff's ability ultimately to establish their truth before the trier of fact *(see, 219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506, 509), we conclude that the complaint states a cause of action *(see, Morone v Morone,* 50 NY2d 481; *Donnell v Stogel,* 161 AD2d 93).

Cardona, P. J., White, Weiss and Peters, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Defendant limits his analysis on the Statute of Frauds claim to the operation of General Obligations Law § 5-703. We will similarly limit our consideration of the issue.