■ KAROUZIN MARDIROS, Respondent, v NABIL GHALY et al., Appellants. [614 NYS2d 436] —In an action for the imposition of a constructive trust, the defendants appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Cannavo, J.), dated October 13, 1992, as denied their motion for summary judgment dismissing the plaintiff's complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

We agree with the Supreme Court that the action raises triable issues of fact regarding the imposition of a constructive trust *(see, Fisk v Campbell,* 180 AD2d 987; *Sharp v Kosmalski,* 40 NY2d 119; *Gottlieb v Gottlieb,* 166 AD2d 413).

The defendants also contend that the action is time-barred because the six-year Statute of Limitations started to run when the defendants allegedly had their names put on the deed surreptitiously *(see,* CPLR 213). The plaintiff contends that the operative event for purposes of the period of limitations was the defendants' refusal to give her a year-end bank statement for tax purposes and their refusal to let her enter the premises.

It is well settled that the Statute of Limitations for the imposition of a constructive trust begins to run either (1) when the constructive trustee's interest in the property first becomes adverse to the plaintiff's interests, or (2) when the constructive trustee wrongfully withholds property acquired lawfully from the beneficiary *(see, Sitkowski v Petzing,* 175 AD2d 801).

In this case, there are questions of fact as to when the Statute of Limitations began to run *(see, Sitkowski v Petzing, supra,* at 801). Lawrence, J. P., Ritter, Friedmann and Krausman, JJ., concur.