■ MARIE MAYNOR, as Administrator of the Estate of CHARLIE H. MAYNOR, Deceased, Appellant, v FLORENCE PELLEGRINO, Respondent. [641 NYS2d 155] —Cardona, P. J. Appeal from an order of the Supreme Court (Bradley, J.), entered July 13, 1995 in Sullivan County, which, *inter alia*, granted defendant's motion to dismiss the complaint for failure to comply with the Statute of Frauds.

Plaintiff, as administrator of the estate of Charlie H. Maynor (hereinafter decedent), commenced this action seeking to impose a constructive trust on certain real property owned by defendant, decedent's sister. Defendant purchased the subject real property in 1982 in her name alone and at the same time executed a mortgage in the amount of $60,000. Decedent and his family resided at the home until his death in 1993. Plaintiff, decedent's wife, alleges that decedent gave $105,000 to defendant so that defendant could obtain title of the property in her

own name. According to plaintiff, decedent asked defendant to do this for various reasons, including his inability to obtain mortgage financing. Their understanding, as alleged by plaintiff, was that decedent would make all the mortgage payments, tax payments and other sums necessary to maintain the premises. Plaintiff further alleged that the parties agreed that defendant would convey the property to decedent or another designated party upon decedent's request. However, the deed transferred the property to defendant only and there was no writing between decedent and defendant indicating any agreement.

After answering, defendant moved for, *inter alia*, dismissal of the complaint for failure to state a cause of action (CPLR 3211 [a] [7]) and as barred by the Statute of Frauds (CPLR 3211 [a] [5]), a cancellation of the lis pendens filed by plaintiff, an order of preclusion based on plaintiff's failure to file a bill of particulars, an order directing defendant to place all proceeds of the sale of lumber located on the property in a trust and a declaration that the litigation was frivolous. Supreme Court, in its decision, granted the motion in its entirety, with the exception of imposing sanctions. Plaintiff appeals.

We reverse. Supreme Court dismissed the complaint based on the fact that the arrangement was oral in nature and was thus barred by the Statute of Frauds (CPLR 3211 [a] [5]). It is true that General Obligations Law § 5-703 requires that a conveyance, or a contract for the conveyance, of an interest in real property be in writing (*see, Knight v Kirker*, 203 AD2d 785; *Bennett v First Natl. Bank*, 146 AD2d 882, 884). Plaintiff concedes there was no writing between the parties. However, the Statute of Frauds is not a defense to an action seeking the imposition of a constructive trust (*see, Delango v Delango*, 203 AD2d 319). In order to set forth a valid cause of action for a constructive trust, four elements must be alleged: (1) a confidential relationship, (2) an implied or express promise, (3) a transfer in reliance of the promise, and (4) unjust enrichment (*see, Gottlieb v Gottlieb*, 166 AD2d 413). At the outset, we note that defendant's motion was one to dismiss under CPLR 3211.* "The criterion applied on a motion to dismiss is whether the complaint * * * states any cause of action cognizable at law" (*Luckel v Kolinsky*, 160 AD2d 1172, 1173) and the facts as alleged in the complaint must be accepted as true (*see, Knight*

---

* In the alternative, defendant requested that the motion be treated as one for summary judgment. Supreme Court, however, did not decide to treat the motion as such, and, therefore, the required notice was not given to the parties (*see*, CPLR 3211 [c]).

*v Kirker*, 203 AD2d 785, *supra*). However, where, as here, additional evidentiary material is submitted in the form of affidavits of the parties, the facts as alleged in the affidavits are also deemed true (*see, Joel v Weber*, 166 AD2d 130, 135).

Keeping these principles in mind, we are of the view that plaintiff has sufficiently pleaded a cause of action for a constructive trust. A sister/brother relationship has been found to satisfy the confidential relation requirement (*see, Sinclair v Purdy*, 235 NY 245; *see also, Sharp v Kosmalski*, 40 NY2d 119). With respect to a promise, plaintiff alleged that defendant expressly agreed to convey the property to decedent at his request. Plaintiff also averred that certain disinterested witnesses would testify that decedent stated that he intended to purchase property and that he was going to ask defendant to put it in her name. Plaintiff submitted an affidavit of one witness to that effect. Unjust enrichment was properly alleged, given plaintiff's claim that defendant provided no consideration for the purchase of the property.

The transfer requirement has also been satisfied even though decedent was not the one who conveyed the property to defendant nor had a prior interest in the property (*see, Stephan v Shulman*, 130 AD2d 484). The contribution of money toward the purchase of the property has been found to be sufficient to satisfy the transfer in reliance element (*see, Gottlieb v Gottlieb*, 166 AD2d 413, *supra*). Plaintiff also submitted copies of checks to defendant so that defendant could pay the mortgage as well as documentation showing that decedent paid for house insurance. Plaintiff conceded that decedent was unable to make the mortgage and tax payments for a time prior to his death and that defendant thereafter made them; however, previous to that time he allegedly did make those payments. Further, while such payments could be considered as rent for the property (*see, Matter of Lefton [Bedell]*, 160 AD2d 702), that is a question of fact which cannot be decided on this motion to dismiss. Thus, accepting all of the allegations without opinion as to plaintiff's ultimate ability to establish their truth (*see, Knight v Kirker*, 203 AD2d 785, *supra*), we find that at this stage of the proceeding the cause of action for a constructive trust was improperly dismissed.

We also find that the evidence presented by defendant was insufficient to support the award of a preliminary injunction based on plaintiff's alleged removal of trees and lumber on the property, as well as the establishment of a trust account for the proceeds of such sale. Likewise, we find the award of counsel fees in Supreme Court's order to be unwarranted. As a

final matter, the grant of preclusion should have been denied insofar as the record indicates that plaintiff apparently served her bill of particulars prior to defendant's motion. Our conclusion also makes the cancellation of the lis pendens improper.

Mercure, White, Casey and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.