MARIE CILIBRASI, Respondent, v PAUL GAGLIARDOTTO, Appellant. [747 NYS2d 801]

The allegations in the complaint were insufficient to properly allege that there existed an express or implied agreement between the parties that the plaintiff had acquired a lien on the subject real property (*see Teichman v Community Hosp. of W. Suffolk,* 87 NY2d 514, 520). Accordingly, the fifth cause of action must be dismissed.

The Supreme Court did, however, properly deny those branches of the defendant's cross motion which were to dismiss the other causes of action. Contrary to the defendant's contention, the plaintiff sufficiently alleged the elements for the imposition of a constructive trust, including the existence of a confidential or fiduciary relationship, a promise, a transfer in reliance thereon, and unjust enrichment (*see Sharp v Kosmalski,* 40 NY2d 119, 121). Moreover, dismissal was not warranted based on the assertion of a statute of frauds defense. The statute of frauds is not a defense to a properly-pleaded cause of action to impose a constructive trust on real property (*see Gottlieb v Gottlieb,* 166 AD2d 413, 414). Furthermore, the action, which was commenced in October 2000, was not time-barred since the six-year statute of limitations applicable in this case did not start to run until May 2000, when the defendant, in a letter threatening the plaintiff with eviction, first repudiated any alleged agreement to convey to the plaintiff her interest in the subject property (*see* CPLR 213 [1]; *Maric Piping v Maric,* 271 AD2d 507, 508).

The defendant's remaining contentions are without merit. S. Miller, J.P., Crane, Cozier and Rivera, JJ., concur.