■ KAREN PANISH, Respondent, v SAM PANISH, Appellant. [808 NYS2d 325]—

In an action, inter alia, to impose a constructive trust upon certain real property, the defendant appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Loughlin, J.), dated April 15, 2005, as denied those branches of his motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7), cancel the notice of pendency filed on January 4, 2005, strike paragraphs 6, 12, and 13 of the complaint as scandalous, prejudicial, and unnecessary, and strike demands 3, 4, and 5 in the plaintiff's ad damnum clause.

Ordered that the appeal from so much of the order as denied that branch of the defendant's motion which was to strike paragraphs 6, 12, and 13 of the complaint is dismissed, as no appeal lies as of right from an order which refuses to strike scandalous or prejudicial matter from a pleading (*see* CPLR 5701 [b] [3]; *Drapkin v Zingale*, 148 AD2d 660 [1989]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was to strike demand 5 in the plaintiff's ad damnum clause and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The Supreme Court properly denied that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7). "[O]n a motion to dismiss a pleading for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the pleading is to be liberally construed, accepting all of the facts alleged therein to be true, and according the allegations the benefit of every possible favorable inference" (*Klein v Gutman*, 12 AD3d 348, 351 [2004] [internal quotation marks omitted]; *see Maric Piping v Maric*, 271 AD2d 507 [2000]). Contrary to the defendant's contention, the plaintiff sufficiently alleged the elements of a cause of action to impose a constructive trust, including the existence of a confidential or fiduciary relationship, a promise express or implied, a transfer in reliance thereon, and unjust enrichment (*see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]; *Reiner v Reiner*, 100 AD2d 872 [1984]; *Gottlieb v Gottlieb*, 166 AD2d 413 [1990]).

Moreover, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred (*see* CPLR 213 [1]; *Jakacic v Jakacic*, 279 AD2d 551 [2001]; *Sitkowski v Petzing*, 175 AD2d 801, 802 [1991]). The gravamen of the complaint is not that the defendant acquired the property wrongfully, but rather, that the defendant breached the trust relationship at some later date by refusing to convey the plaintiff's interest in the property to her after its acquisition (*see Mardiros v Ghaly*, 206 AD2d 414 [1994]; *Sitkowski v Petzing, supra*). Thus, there are questions of fact as to when the statute of limitations began to run (*see Maric Piping v Maric, supra; Delango v Delango*, 203 AD2d 319 [1994]).

However, an attorney's fee and other expenses incurred in prosecuting an action are considered an incident of litigation

and, unless authorized by statute, court rule, or written agreement of the parties, are not recoverable (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]; *Matter of A. G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 5 [1986]; *Culinary Connection Holdings v Culinary Connection of Great Neck*, 1 AD3d 558 [2003]). Accordingly, we modify the order by granting that branch of the defendant's motion which was to strike demand 5 of the plaintiff's ad damnum clause for an award of accounting fees and an attorney's fee.

The defendant's remaining contentions are without merit. Prudenti, P.J., H. Miller, Mastro and Lunn, JJ., concur.