■ Surgical Design Corporation, Appellant, v Jamir Correa, Respondent, et al., Defendant. [819 NYS2d 542]—

In an action, inter alia, to recover damages for conversion of

corporate property and funds, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated February 10, 2005, as denied its motion pursuant to CPLR 3025 (b) for leave to amend the complaint to add a cause of action against the defendant Jamir Correa.

Ordered that the order is affirmed insofar as appealed from, with costs.

Leave to amend a pleading should be freely granted where the proposed amendment is not palpably insufficient or patently devoid of merit and will not prejudice or surprise the opposing party (*see* CPLR 3025 [b]; *Bolanowski v Trustees of Columbia Univ. in City of N.Y.*, 21 AD3d 340, 341 [2005]; *Crespo v Pucciarelli,* 21 AD3d 1048, 1049 [2005]). The determination whether to grant such leave is within the court's discretion, and the exercise of that discretion will not be lightly disturbed (*see Voyticky v Duffy,* 19 AD3d 685 [2005], *lv dismissed in part and denied in part* 6 NY3d 800 [2006]; *Sewkarran v DeBellis,* 11 AD3d 445 [2004]; *Travelers Prop. Cas. v Powell,* 289 AD2d 564, 565 [2001]).

In the case at bar, assuming that the proposed amendment was neither palpably insufficient nor patently devoid of merit, the plaintiff's extended delay in moving for leave to serve an amended complaint resulted in prejudice to the defendant Jamir Correa (*see Voyticky v Duffy, supra; Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc.,* 15 AD3d 523, 525 [2005]). Moreover, as the plaintiff failed to demonstrate a reasonable excuse for its delay, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to amend the complaint (*see Krioutchkova v Gaad Realty Corp.,* 28 AD3d 427 [2006]; *Leonardi v City of New York,* 294 AD2d 408 [2002]; *Auwarter v Malverne Union Free School Dist.,* 274 AD2d 528 [2000]). Santucci, J.P., Krausman, Mastro and Skelos, JJ., concur.