■ ANTHONY UBRIACO, Respondent, v LYNN MARTINO, Appellant. [828 NYS2d 490]—

In an action, inter alia, to impose a constructive trust on the proceeds from the sale of certain real property, the defendant appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated January 10, 2006, which denied that branch of her motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against his sister (hereinafter the defendant), inter alia, to impose a constructive trust upon one half of the net proceeds from the sale of certain real property formerly owned by the parties' father. By deed dated January 3, 2000 the father conveyed a life tenancy in the real property to himself, and equal remainderman's interests to the plaintiff and the defendant. By deed dated September 12, 2000 the father, as a life tenant, and the plaintiff and the defendant, as remaindermen, together conveyed a fee simple interest in the real property solely to the defendant. The plaintiff alleged that the September 12, 2000 conveyance was made for the convenience of the father, who was otherwise unable to obtain needed refinancing for renovations, with the understanding and agree-

ment that the plaintiff would retain his interest in the property as a remainderman. The plaintiff alleges that, contrary to this understanding, the defendant conveyed the real property to a third party upon the father's death without recognizing the plaintiff's interest.

The defendant answered, and denied that the conveyance to her of a fee simple interest in the real property was made with the understanding and agreement that the plaintiff would retain his interest in the property. Rather, she alleged that the conveyance was made in recognition of the care she had previously provided for her mother and was then providing for her father, who was in ill health. The defendant moved for summary judgment dismissing the complaint, arguing that the documentary evidence conclusively proved that she was the sole owner of the subject property. The Supreme Court denied such relief. We affirm.

"A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee" (*Beatty v Guggenheim Exploration Co.,* 225 NY 380, 386 [1919]). The four factors to be considered in ascertaining whether the imposition of a constructive trust is warranted are the existence of a fiduciary or confidential relationship, a promise, a transfer in reliance thereon, and unjust enrichment (*see Sharp v Kosmalski,* 40 NY2d 119, 121 [1976]; *Matter of Noble,* 31 AD3d 643 [2006]). Here, the defendant argues that the proffer of the deed dated September 12, 2000, conveying the property solely to her, established her prima facie entitlement to judgment as a matter of law, and that the plaintiff may not rely on parol evidence to the contrary to rebut her showing. However, the statute of frauds is not a defense to a properly pleaded cause of action to impose a constructive trust on real property (*see McGrath v Hilding,* 41 NY2d 625, 628-629 [1977]; *Cilibrasi v Gagliardotto,* 297 AD2d 778 [2002]), and the plaintiff's allegations of an oral understanding, as set forth in his affidavit, were sufficient to raise a triable issue of fact. Thus, summary judgment was properly denied. Rivera, J.P., Spolzino, Ritter and Angiolillo, JJ., concur.