■ RICHARD A. WESTON, Appellant, v DONALD R. SMITH et al., Respondents, et al., Defendants. [832 NYS2d 344]—

Appeal from an order of the Supreme Court, Jefferson County (Joseph D. McGuire, J.), entered March 9, 2006. The order, among other things, granted the motion of defendants Donald R. Smith and Carol A. Smith for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, to rescind an easement that allows Donald R. Smith and Carol A. Smith (defendants) to cross plaintiff's property in order to access the roadway from their landlocked property. Supreme Court properly granted the motion of defendants for summary judgment dismissing the complaint against them. The parties entered into an "easement agreement" wherein plaintiff agreed to convey the subject easement to defendants. After the easement agreement was signed by the parties, it was recorded and thereby became the instrument granting the easement to defendants. We reject plaintiff's contention that the easement agreement violates General Obligations Law § 5-703 (2) by failing to recite the consideration supporting it. That section applies to contracts to lease or sell an interest in real property. Section 5-703 (2) does not apply here, however, because the easement agreement was fully performed when it was recorded and became the actual conveyance (*see generally Knight v Kirker*, 203 AD2d 785, 786 [1994]). As a conveyance of an interest in real property, the easement agreement is governed by section 5-703 (1), which does not require that the writing express the consideration.

Even assuming, arguendo, that plaintiff may raise a lack of consideration in entering into the easement agreement, we nevertheless reject plaintiff's contention that the agreement was invalid for a lack of consideration. Legally sufficient consider-

ation does not necessarily entail a benefit flowing to the promisor (*see Holt v Feigenbaum*, 52 NY2d 291, 296 [1981]). A "promisee who has incurred a specific, bargained for legal detriment may enforce a promise against the promisor, notwithstanding the fact that the latter may have realized no concrete benefit as a result of the bargain" (*Holt*, 52 NY2d at 299; *see Anand v Wilson*, 32 AD3d 808 [2006]). Here, defendants established in support of their motion that they paid $61,500 for the parcel of land adjacent to plaintiff's property in reliance upon plaintiff's promise, reflected by the easement agreement, to grant them the easement, and plaintiff failed to raise an issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We thus conclude that, insofar as the easement agreement constituted the agreement to convey the easement to defendants, it was supported by legally sufficient consideration.

We have considered plaintiff's remaining contentions and conclude that they are without merit. Present—Gorski, J.P., Smith, Lunn, Peradotto and Pine, JJ.