AMEER K. RASOOL, Appellant, v FAZEER GOHAR, Respondent. [835 NYS2d 436]—

In an action, inter alia, to impose a constructive trust on real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Grays, J.), entered September 8, 2005, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

The instant dispute involves an apartment building that is located in Jamaica, Queens. The plaintiff, who once owned that building, had conveyed it to his former wife, who acted as his "nominee." He then "caused" her to convey the building to the defendant, who is his brother.

When the plaintiff demanded that the defendant convey title to the building back to him, and the defendant refused to do so, the plaintiff commenced the instant action, seeking, inter alia, to impose a constructive trust. A constructive trust may be imposed on real property when that "property has been

acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest" (*Sharp v Kosmalski*, 40 NY2d 119, 121 [1976] [internal quotation marks omitted]). To prevail on a cause of action to impose a constructive trust, a plaintiff must prove a confidential or fiduciary relationship, a promise, a transfer in reliance thereon, and unjust enrichment (*id.*).

On his motion for summary judgment dismissing the complaint, the defendant failed to meet his burden of tendering sufficient evidence to demonstrate the absence of a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The defendant submitted an affidavit, in which he acknowledged, inter alia, that the plaintiff, from whom he allegedly bought the building, was, nevertheless, living there, collecting rents from the tenants, and paying the mortgage. In addition, the plaintiff, who submitted an affidavit in which he explained that he caused title to the building to be transferred to the defendant in reliance on a particular promise that the defendant had made, and maintained that he never received any consideration from the defendant for the alleged sale, raised triable issues of fact (*see Ubriaco v Martino*, 36 AD3d 793 [2007]). Accordingly, the Supreme Court should have denied the defendant's motion.

The defendant's remaining contention is without merit. Crane, J.P., Florio, Covello and Angiolillo, JJ., concur.