■ FRANK MACKENZIE et al., Respondents, v SALVATORE CROCE et al., Appellants. [864 NYS2d 474]—

In an action, inter alia, to impose a constructive trust on real property and for specific performance of an oral agreement to convey real property, the defendants appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated August 6, 2007, as denied that branch of their motion which was for leave to amend their answer pursuant to CPLR 3025 to add the defense of statute of frauds as to the first and second causes of action, and (2) so much of an order of the same court dated December 20, 2007, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated August 6, 2007 is dismissed, as that order was superseded by the order dated December 20, 2007, made upon reargument; and it is further,

Ordered that the order dated December 20, 2007 is modified, on the law, by deleting the provision thereof which, upon reargument, adhered to the original determination in the order dated August 6, 2007, denying that branch of the appellants' motion which was for leave to amend the answer pursuant to CPLR 3025 to add the defense of statute of frauds as to the second cause of action, and substituting therefor a provision, upon reargument, vacating so much of the order dated August

6, 2007, as denied that branch of the motion which was for leave to amend the answer pursuant to CPLR 3025 to add the defense of statute of frauds as to the second cause of action and thereupon granting that branch of the motion; as so modified, the order dated December 20, 2007, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The plaintiffs seek to enforce a purported oral agreement to convey to them title to certain real property owned by the defendants. To that end, the plaintiffs commenced this action, inter alia, to impose a constructive trust on the real property and for specific performance of the purported oral agreement to convey that property. The defendants moved, inter alia, for leave to amend their answer pursuant to CPLR 3025 to add the defense of statute of frauds as to the first and second causes of action. Upon reargument, the Supreme Court, among other things, denied that branch of the defendants' motion.

CPLR 3025 (b) provides that leave to amend pleadings "shall be freely given upon such terms as may be just." Thus, motions for leave to amend are liberally granted absent prejudice or surprise (see Long Is. Tit. Agency, Inc. v Frisa, 45 AD3d 649 [2007]). "A court hearing a motion for leave to amend will not examine the merits of the proposed amendment unless the insufficiency or lack of merit is clear and free from doubt . . . In cases where the proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit, leave should be denied" (id. at 649 [internal quotation marks and citation omitted]; see Ricca v Valenti, 24 AD3d 647, 648 [2005]).

While the statute of frauds prohibits the conveyance of real property without a written contract (see General Obligations Law § 5-703 [1]), it also empowers courts of equity to compel specific performance of agreements in cases of part performance (see General Obligations Law § 5-703 [4]). The claimed partial performance, however, "must be unequivocally referable to the agreement" (Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group, 93 NY2d 229, 235 [1999]). As to the second cause of action seeking specific performance, the plaintiffs, in effect, alleged that they had partly performed the obligations of the purported oral agreement, thereby rendering ineffective the statute of frauds defense. At this juncture, however, where the parties have not tested the merits of the second cause of action, the proposed amendment was neither palpably insufficient as a matter of law nor totally devoid of merit (see Lucido v Mancuso, 49 AD3d 220, 226-227, 229 [2008]; Old World Custom Homes, Inc. v Crane, 33 AD3d 600 [2006]; Surgical Design Corp. v Correa, 31 AD3d 744, 745 [2006]).

Moreover, the plaintiffs failed to show any prejudice or surprise resulting from the proposed amendment (*see Fahey v County of Ontario,* 44 NY2d 934, 935 [1978]; *Old World Custom Homes, Inc. v Crane,* 33 AD3d 600 [2006]; *Surgical Design Corp. v Correa,* 31 AD3d at 745). Accordingly, upon reargument, the Supreme Court should have granted that branch of the defendants' motion which was for leave to amend the answer to add the defense of statute of frauds as to the second cause of action seeking specific performance.

The Supreme Court, however, correctly determined that the statute of frauds was not a defense to the plaintiffs' properly pleaded first cause of action to impose a constructive trust on real property (*see Ubriaco v Martino,* 36 AD3d 793, 794 [2007]; *Cilibrasi v Gagliardotto,* 297 AD2d 778, 779 [2002]; *Gottlieb v Gottlieb,* 166 AD2d 413, 414 [1990]; *see generally Matter of Noble,* 31 AD3d 643, 644-645 [2006]) as "[s]uch a trust, by its very nature, does not require a writing" (*Vanasco v Angiolelli,* 97 AD2d 462, 462 [1983]; *see Sharp v Kosmalski,* 40 NY2d 119, 122 [1976]). Skelos, J.P., Covello, Leventhal and Belen, JJ., concur.