■ MARILYN BERGER, Respondent, v STANLEY BERGER et al., Appellants, et al., Defendants. [916 NYS2d 626]—

In an action, inter alia, to recover damages for fraud and to impose a constructive trust upon certain real property, the defendants Stanley Berger, Harriet Berger, and Morris Berger appeal from an order of the Supreme Court, Kings County (F. Rivera, J.), dated March 28, 2010, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaim for a determination that the defendant Stanley Berger is the sole owner of the subject property.

Ordered that the order is affirmed, with costs.

The imposition of a constructive trust requires proof of (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer made in reliance on the promise, and (4) unjust enrichment (*see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]; *Squiciarino v Squiciarino*, 35 AD3d 844, 845 [2006]; *Modica v Modica*, 15 AD3d 635 [2005]).

The appellants made a prima facie showing of entitlement to judgment as a matter of law on their motion for summary judgment dismissing the plaintiff's cause of action to impose a constructive trust and the other causes of action set forth in the complaint, and on their counterclaim (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). However, the plaintiff's submissions in opposition to the motion raised triable issues of fact regarding whether she contributed funds toward the purchase of the subject property in reliance on a promise by the appellants that the defendant Stanley Berger would hold title to the property for her benefit, and would subsequently convey that interest to her. Moreover, the statute of frauds defense proffered by the appellants was insufficient to defeat the plaintiff's claims (*see* General Obligations Law § 5-703 [1]; *Mackenzie v Croce*, 54 AD3d 825, 827 [2008]; *Ubriaco v Martino*, 36 AD3d 793, 794 [2007]; *Maynor v Pellegrino*, 226 AD2d 883, 884 [1996]).

The appellants' remaining contentions are without merit. Accordingly, the Supreme Court properly denied their motion in its entirety. Mastro, J.P., Balkin, Leventhal and Miller, JJ., concur. **[Prior Case History: 27 Misc 3d 1202(A), 2010 NY Slip Op 50518(U).]**