Deutsch v Grunwald (2018 NY Slip Op 07089)





Deutsch v Grunwald


2018 NY Slip Op 07089


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
BETSY BARROS, JJ.


2016-08094
2016-08095
 (Index No. 38947/06)

[*1]Yehuda Deutsch, etc., respondent-appellant,
v
Cheskel Grunwald, etc., et al., appellants- respondents.


Heller, Horowitz & Feit, P.C., New York, NY (Eli Feit and Stuart A. Blander of counsel), for appellants-respondents.
Tenenbaum Berger & Shivers LLP, Brooklyn, NY (David M. Berger and Michael Cohen of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, to impose a constructive trust, the defendants appeal, and the plaintiff cross-appeals, from (1) an order of the Supreme Court, Kings County (Laura L. Jacobson, J.), dated June 24, 2016, and (2) an order of the same court dated June 29, 2016. The order dated June 24, 2016, insofar as appealed from, denied the defendants' cross motion for summary judgment dismissing the complaint. The order dated June 24, 2016, insofar as cross-appealed from, denied the plaintiff's motion for summary judgment on the complaint. The order dated June 29, 2016, insofar as appealed from, granted that branch of the plaintiff's motion which was to preliminarily enjoin the defendants from disposing of, selling, or otherwise encumbering certain real property in Brooklyn. The order dated June 29, 2016, insofar as cross-appealed from, denied that branch of the plaintiff's motion which was for a preliminary injunction or order of attachment against certain real properties in Monsey.
ORDERED that the orders are affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff is the son of Jesie Deutsch (hereinafter Jesie), who died intestate on May 27, 2003. Prior to his death, Jesie had allegedly entered into an oral joint venture (hereinafter the joint venture) with his sister Pessy Grunwald (hereinafter Pessy), wherein Jesie contributed two-thirds of the funds necessary to purchase properties known as 14-16 Maujer Street (hereinafter the Maujer Street property), 142 South 9th Street (hereinafter the South 9th Street property), and 178 East 95th Street (hereinafter the 95th Street property; hereinafter collectively the original properties), in Brooklyn. The plaintiff alleges that Jesie and Pessy agreed that Pessy was to manage most or all of the legal and administrative matters relating to the original properties. According to the complaint, distribution of profits from the joint venture were issued to Jesie by way of regular checks made payable to either Jesie personally or to his religious organization, the Congregation Yesodah Kol Yehuda.
The plaintiff further alleges that on or about May 18, 1986, the 95th Street property [*2]was refinanced and cash proceeds taken therefrom were used to purchase a property on Bedford Avenue in Brooklyn (hereinafter the Bedford Avenue property). All of the properties were placed in Pessy's name or the name of corporations owned by Pessy or her son, the defendant Cheskel Grunwald (hereinafter Cheskel). The plaintiff alleges that Cheskel and the other defendants (hereinafter collectively with Cheskel, the defendants), wrongfully obtained or hold the legal right to property belonging to the joint venture. The defendants eventually sold the original properties and were in contract to sell the later-acquired Bedford Avenue property.
Upon Jesie's death, the defendants reportedly refused to issue any checks to Jesie's heirs and denied the existence of a joint venture between Pessy and Jesie. The plaintiff, as administrator of Jesie's estate, commenced this action, inter alia, to impose a constructive trust. Subsequent to the commencement of this action, Pessy died and Cheskel was substituted as the representative of her estate. The plaintiff moved for summary judgment on the complaint. The defendants opposed the motion and cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the motion and the cross motion.
The plaintiff also moved for a preliminary injunction or an order of attachment with respect to the Bedford Avenue property and certain properties in Monsey (hereinafter the Monsey properties) which were acquired with proceeds from the sale of the South 9th Street property. The defendants opposed the motion. The Supreme Court granted that branch of the plaintiff's motion which was for a preliminary injunction with respect to the Bedford Avenue property, and denied that branch of the motion which was for a preliminary injunction or order of attachment with respect to the Monsey properties.
We agree with the Supreme Court's determination denying the plaintiff's motion for summary judgment on the complaint and the defendants' cross motion for summary judgment dismissing the complaint (see Setter v Fire Is. Ferries, Inc., 139 AD3d 840; Calderone v Town of Cortlandt, 15 AD3d 602; Mennerich v Esposito, 4 AD3d 399). The record presents triable issues of fact concerning whether Jesie and Pessy had entered into a joint venture entitling Jesie's estate to equity interests in the subject properties and the terms of the alleged joint venture. Furthermore, the record presents triable issues of fact as to whether the plaintiff's causes of action are time-barred (see Morris v Gianelli, 71 AD3d 965), and whether the alleged joint venture constituted a valid oral joint venture to which the defense of the statute of frauds would not apply (see General Obligations Law § 5-701[a][1]; Sheehy v Clifford Chance Rogers & Wells LLP, 3 NY3d 554; D & N Boening v Kirsch Beverages, 63 NY2d 449; JNG Const., Ltd. v Roussopoulos, 135 AD3d 709; MacKenzie v Croce, 54 AD3d 825; Cilibrasi v Gagliardotto, 297 AD2d 778).
We also agree with the Supreme Court's determination granting that branch of the plaintiff's motion which was to preliminarily enjoin the defendants from selling, disposing, or otherwise encumbering the Bedford Avenue property. "To obtain a preliminary injunction, the moving party must demonstrate (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) that the equities balance in his or her favor" (Carroll v Dicker, 162 AD3d 741, 742; see CPLR 6301; Gonzalez v 231 Maujer St., HDFC, 157 AD3d 869, 870). "The decision to grant or deny a preliminary injunction rests in the sound discretion of the Supreme Court" (Ruiz v Meloney, 26 AD3d 485, 486; see Doe v Axelrod, 73 NY2d 748, 750; Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc., 50 AD3d 1072). Here, a preliminary injunction was warranted to maintain the status quo (see Arcamone-Makinano v Britton Prop., Inc., 83 AD3d 623). "Where denial of injunctive relief would render the final judgment ineffectual, the degree of proof required to establish the element of likelihood of success on the merits should be accordingly reduced" (Sau Thi Ma v Xuan T. Lien, 198 AD2d 186, 187 [internal quotation marks and citation omitted]). The plaintiff would suffer irreparable injury absent the relief sought and the balance of the equities favors the plaintiff given the prejudice that the plaintiff would suffer from a denial of the requested relief (see id. at 187).
We agree with the Supreme Court's determination denying that branch of the plaintiff's motion which was for an order of attachment against the Monsey properties. An order of attachment may be granted where "the defendant, with intent to defraud his creditors or frustrate the [*3]enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts" (CPLR 6201[3]). "[T]he mere removal or assignment or other disposition of property is not grounds for attachment" (Computer Strategies v Commodore Bus. Machs., 105 AD2d 167). Here, the plaintiff failed to present any evidence to establish that the defendants, with intent to defraud creditors or to frustrate the enforcement of a judgment that might be rendered in the plaintiff's favor, have assigned, disposed, encumbered, or secreted the Monsey properties or are about to do any of these acts.
The plaintiff's remaining contention is without merit.
BALKIN, J.P., SGROI, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court