Hernandez v Florian (2019 NY Slip Op 05111)





Hernandez v Florian


2019 NY Slip Op 05111


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2018-02834
 (Index No. 2306/17)

[*1]Jose Alfredo Velasco Hernandez, respondent,
v
Giovanni Florian, appellant.


Claudio & Associates, P.C., Richmond Hill, NY (Desiree M. Claudio of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to impose a constructive trust on certain real property, the defendant appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated November 9, 2017. The order, insofar as appealed from, denied those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the causes of action to impose a constructive trust and to recover damages for unjust enrichment.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2002, the plaintiff began living with his then-girlfriend, nonparty Kenia Mendez, on the second floor of a two-family home in Brooklyn (hereinafter the subject property), which was owned by Mendez. From 2002 to 2005, the plaintiff allegedly contributed toward the payment of the mortgage and other carrying costs for the subject property. In January 2006, Mendez transferred title of the subject property to her brother, the defendant. After the plaintiff confronted the defendant about the transfer of title, the defendant allegedly promised the plaintiff that if the plaintiff paid all of the mortgage payments and carrying costs with respect to the subject property, the defendant would transfer title of the subject property to the plaintiff when the plaintiff obtained permanent residency status in the United States and achieved "good financial credit." The plaintiff alleges that, since 2006, he has paid approximately $550,000 toward the mortgage and carrying costs for the subject property in reliance upon the defendant's promise.
In January 2017, the plaintiff allegedly informed the defendant that he obtained permanent residency status and had sufficiently good credit. After the defendant failed to transfer title of the subject property to the plaintiff, the plaintiff commenced this action, seeking, inter alia, to impose a constructive trust on the subject property and to recover damages for unjust enrichment. The defendant subsequently moved pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the complaint. By order dated November 9, 2017, the Supreme Court denied those branches of the defendant's motion which were to dismiss the causes of action to impose a constructive trust and to recover damages for unjust enrichment. The defendant appeals.
"A constructive trust is an equitable remedy, and may be imposed when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest" (Rowe v Kingston, 94 AD3d 852, 853 [citations and internal quotation marks omitted]; see Sharp v Kosmalski, 40 NY2d 119, 121). "[T]o obtain the remedy of a [*2]constructive trust, a plaintiff generally is required to demonstrate four factors: (1) a fiduciary or confidential relationship between the parties, (2) a promise, (3) a transfer of some asset in reliance upon the promise, and (4) unjust enrichment flowing from the breach of the promise" (Mei Yun Chen v Mei Wan Kao, 97 AD3d 730, 730; see McGrath v Hilding, 41 NY2d 625, 629). "[A]s these elements serve only as a guideline, a constructive trust may still be imposed even if all of the elements are not established" (Marini v Lombardo, 79 AD3d 932, 933). Notably, the defendant does not raise any challenge concerning whether the complaint adequately pleaded the existence of a confidential relationship and a promise.
Here, the plaintiff's allegations sufficiently pleaded the elements of a "transfer in reliance" and unjust enrichment to state a cause of action for the imposition of a constructive trust (see Cullen v Torsiello, 156 AD3d 680, 681; Barone v Barone, 130 AD3d 765, 767; Matter of Bayside Controls, 295 AD2d 343, 345-346). The complaint, as amplified by the plaintiff's affidavit in opposition to the defendant's motion, alleged that the plaintiff made significant expenditures of time and money with respect to the subject property for more than 10 years in reliance upon the defendant's promise, and that the defendant was unjustly enriched by the plaintiff's payments toward, inter alia, the mortgage, electric, and water bills for the subject property. Contrary to the defendant's contention, "[t]he element of a transfer in reliance' is not limited to instances in which the plaintiff has actually transferred title to the property to the defendant, but may also include instances where the plaintiff has provided substantial funds for the maintenance and improvement of it" (Hairman v Jhawarer, 122 AD3d 570, 572; see Marini v Lombardo, 39 AD3d 824, 826; Ruiz v Meloney, 26 AD3d 485, 486; Henness v Hunt, 272 AD2d 756, 757). In addition, the documentary evidence submitted by the defendant did not utterly refute the plaintiff's allegations, and did not conclusively establish a defense to the claims as a matter of law (see CPLR 3211[a][1]; Bodden v Kean, 86 AD3d 524, 526). Furthermore, the statute of frauds is not a defense to the plaintiff's properly pleaded cause of action to impose a constructive trust on real property (see Berger v Berger, 81 AD3d 765, 765; Mackenzie v Croce, 54 AD3d 825, 827; Ubriaco v Martino, 36 AD3d 793, 794).
Moreover, the complaint sufficiently pleaded a cause of action to recover damages for unjust enrichment by alleging that the defendant was enriched at the plaintiff's expense, and that it was against equity and good conscience to permit the defendant to retain what was sought to be recovered (see Travelsavers Enters., Inc. v Analog Analytics, Inc., 149 AD3d 1003, 1006; Shah v Exxis, Inc., 138 AD3d 970, 973). Contrary to the defendant's contention, the cause of action alleging unjust enrichment was not barred by the statute of frauds, as it merely sought to recover the value of the plaintiff's financial contributions made in reliance upon the defendant's alleged promise (see Lake Overlook Partners, LLC v Sosa, 163 AD3d 945, 947; Kennedy v Leibowitz, 303 AD2d 375, 376).
Accordingly, we agree with the Supreme Court's denial of those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the causes of action to impose a constructive trust on the subject property and to recover damages for unjust enrichment.
BALKIN, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court