## THIRD DEPARTMENT, FEBRUARY, 1979

## (February 1, 1979)

■   IRVING MASON, Respondent, v FOXCROFT VILLAGE, INC., Appellant, and RICHARD WOLPO et al., Respondents. IRVING MASON et al., Respondents, v SAMUEL WOLPO, Appellant.—Appeal from a judgment of the County Court of Sullivan County, entered January 6, 1978, which granted petitioner's application to recover certain leased property and directed that a warrant of eviction issue to put petitioner in possession thereof. Appeal from an order of the County Court of Sullivan County, entered January 6, 1978, which denied appellant's motion to vacate a judgment granting petitioner's application to recover possession of certain leased property and directing that a warrant of eviction issue to put petitioner in possession thereof. The instant appeals are closely interrelated and will be considered together. The pertinent facts are as follows: Petitioner Irving Mason and his now deceased wife Gussie Mason were the owners of 180 acres of land at Divine Corners, Sullivan County, New York, which they developed into a trailer park called Foxcroft Village, Inc. (hereinafter Foxcroft). They were also the sole shareholders and corporate officers of Foxcroft, and as fee owners, they leased their entire 180 acres to the corporation for 25 years on November 13, 1975. Subsequently, following Gussie Mason's death, petitioner sold all of the stock of Foxcroft to Samuel Wolpo, who became the sole shareholder, director and officer of the corporation, and on March 18, 1977, he also leased to Wolpo individually for 20 years 98 acres of the 180-acre tract with an option to buy and credit to be given toward the purchase for any payments made by Wolpo under the option purchase lease agreement. As a consequence of these various transactions, Wolpo became liable to petitioner individually on the 20-year option purchase lease and as president and sole owner of Foxcroft on the 25-year corporate lease. Each lease required the payment of $10,000 rent annually, payment of State, county and town taxes and insurance premiums and maintenance of the property free of mechanic's liens, and payments under the leases were not exclusive of one another since payment under one was to be credited to the other. It thereafter developed that, other than a single rental installment payment of $2,500, neither Wolpo individually nor Foxcroft paid the rent, taxes or insurance premiums due on the property and mechanic's liens likewise went unpaid. Under these circumstances, on September 2, 1977 petitioner instituted a summary proceeding against Wolpo for possession of the property under the option purchase lease and, on October 25, 1977, the Sullivan County Judge issued a warrant of eviction on this lease based on the papers before him. By petition dated November 7, 1977, petitioner additionally commenced a proceeding to recover possession of the property under the corporate lease on the ground of nonpayment of rent and other obligations, and the court likewise granted this application in a judgment entered January 6, 1978. In an order entered that same day the court denied Wolpo's motion to vacate the judgment relative to the option purchase lease. These appeals ensued.

Considering initially the denial of Wolpo's motion to vacate, we find without merit Wolpo's sole contention that his motion should have been granted because no proof was submitted to sustain the court's rulings of October 25, 1977 and January 6, 1978 relative to the option purchase lease. At the hearing prior to the issuance of the warrant of eviction on October 25, 1977, the court had before it substantial documentary evidence in the form of petitioner's canceled checks and a tax bill for unpaid school taxes which conclusively demonstrated that Wolpo was not meeting his obligations under the lease and that the issuance of a warrant of eviction was accordingly justified. Moreover, during the extensive hearing conducted relative to the related Foxcroft lease in November of 1977, Wolpo conceded that he was in default with regard to his obligations under both the corporate and the option purchase leases, and this provided further justification for the court's refusal to vacate its earlier judgment. As for the corporate lease, there is similarly no merit to Foxcroft's contention that petitioner made no proper demand upon it for the payment of rent and other obligations due prior to commencing the proceeding to recover possession. Although petitioner's numerous demands for payments were apparently made to Wolpo individually, the close interrelationship between the corporate and option purchase leases, the identical obligations embodied in each of the leases and Wolpo's position as sole shareholder, director and officer of Foxcroft and his conceded knowledge of Foxcroft's defaults in payments taken together are adequate to constitute demand upon Foxcroft for payment (see 12 NY Jur, Corporations, §§ 688, 689). Foxcroft's remaining arguments must also be rejected. Pursuant to the terms of the option purchase lease, it is clear that the parties had agreed that certain premises on the 180-acre tract would be reserved for petitioner's use and, consequently, there was no partial eviction to justify Foxcroft's failure to pay rent. Furthermore, while petitioner did not offer proof at the hearing that he was the owner of the subject premises, Foxcroft has presented no authority that such proof was necessary for proving a prima facie case to recover possession and the law appears to be that such proof is not required. (See, generally, Siegel, NY Practice, § 576; Rasch, New York Landlord and Tenant, Summary Proceedings [2d ed], § 91.) Judgment and order affirmed, with costs. Mahoney, P. J., Greenblott, Kane, Staley, Jr., and Main, JJ., concur.