OPINION of the court
Sidney Leviss, J.
In this action to recover for personal injuries sustained by plaintiff Doreen Gillardi, plaintiffs move to vacate the fourth and fifth affirmative defenses contained in the answer of defendants Country Village Heights Condominium (Group I) (hereinafter Country Village) and Richard Me-gar.
The fourth affirmative defense alleges that the court has no jurisdiction over the defendants, and the fifth affirmative defense alleges that the action is barred by the Statute of Limitations. By order of this court dated January 12, 1983, a hearing was ordered to determine the issue of whether proper service was made upon the defendants.
The parties, by stipulation dated February 3, 1983, agreed that personal service pursuant to CPLR 308 (subd 2) was effectuated on Richard Megar on October 29, 1982 and October 30, 1982 and that such service was timely made within the three-year Statute of Limitations. The stipulation further provided that this court should determine the issue as to whether service of the summons and complaint upon Richard Megar, president of Country Village, constituted proper service on Country Village pursuant to law.
*948 Plaintiff allegedly sustained injuries on the steps in one of the common areas of the condominium. It is the contention of the plaintiffs that, pursuant to section 13 of the General Associations Law, the condominium, an unincorporated association, was properly sued through its president, Richard Megar. Defendant, on the other hand, argues that, pursuant to section 339-dd of the Real Property Law, service of process on the unit owners in any action relating to the common elements of the condominium can only be made on the person designated in the declaration to receive service of process.
A statute is to be construed as a whole and all parts of an act are to be read and construed together to determine the legislative intent. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 97.) Thus, in this case, the second sentence of section 339-dd of the Real Property Law, which indicates a permissible method of service, would be referable to only those actions which could be commenced as provided for in the first sentence of the section. The first sentence of section 339-dd of the Real Property Law provides for actions to be instituted by the board of managers in its discretion, on behalf of two or more unit owners, as their respective interest may appear, with respect to any cause of action relating to the common elements or more than one unit. Apparently, this legislation was adopted from the Model Condominium Law (FHA Model Act, § 27) and was only meant to be applicable in actions based upon breach of contract involving the condominium real property; it was not intended to cover personal injury tort actions commenced by either members of the association or the public generally. (See 15A Am Jur 2d, Condominiums, §§ 57, 58.)
The question of tort liability with respect to condominiums depends on the organizational structure governing the condominium involved. (15A Am Jur 2d, Condominiums, § 58.) Although there are few reported cases where condominiums have been sued in tort for personal injuries (see Ann., 45 ALR3d 1171), in the case of White v Cox (17 Cal App 3d 824) it was held that condominiums could be sued in tort in the condominium name and could be served in the manner provided for by statute for service on an unincorporated association. In that regard, the court held *949 that there is no substantial distinction between a condominium and a labor union.
In this jurisdiction, the method of commencing an action against an unincorporated association is set forth in section 13 of the General Associations Law. That section provides that “[a]n action or special proceeding may be maintained, against the president or treasurer of such an association, to recover any property, or upon any cause of action, for or upon which the plaintiff may maintain such an action or special proceeding, against all the associates, by reason of their interest or ownership, or claim of ownership therein, either jointly or in common, or their liability therefor, either jointly or severally.”
The court thus finds that service on Richard Megar, as president of Country Village, properly constituted service on Country Village. (General Associations Law, § 13.)
Accordingly, the motion to dismiss the fourth and fifth affirmative defenses is granted.