*946 OPINION OF THE COURT
Per Curiam.
Order dated July 9, 1996 reversed, with $10 costs, tenant’s cross motion to dismiss the petition is denied, and the petition is reinstated.
Petitioner landlord leased commercial premises to tenant in his own name as "Owner”. Landlord warranted that he was authorized to execute the lease, to grant the subject leasehold estate, and that he had indefeasible and marketable fee simple title. In fact, landlord’s wife holds title, landlord having conveyed it to her in 1979 for "estate planning” purposes.
Upon tenant’s default in payment of rent, petitioner commenced this nonpayment proceeding on a petition which alleges that he "is the landlord of the premises”. Civil Court granted tenant’s dismissal motion on the basis that petitioner did not have good title and could not maintain the proceeding merely because a lease existed between himself and the tenant. We disagree. Where the tenant has defaulted in the payment of rent pursuant to the agreement under which the premises are held, a summary proceeding for possession may be brought by the "landlord or lessor” (RPAPL 721 [1]; 711 [2]). Questions of title or ownership are not litigated in summary proceedings (Mason v Foxcroft Vil., 67 AD2d 1012, 1013; Matter of Mahshie v Dooley, 48 Misc 2d 1098, 1100). We significantly note the fee owner’s ratification of petitioner’s authority to enter into leases, including the particular lease with tenant, and her waiver of any claim for rent due under the lease.
Tenant has not sought rescission of the lease and has remained in possession while withholding rent on the ground that landlord has failed to make promised renovations. The summary proceeding should go forward on the substantive issues raised by tenant, i.e., whether the obligation to pay rent has been suspended by landlord’s alleged violation of the lease and constructive and/or partial eviction of the tenant. To the extent tenant is aggrieved by any misrepresentation of title in the lease, its remedy is in a plenary action.