■ RONALD COLLINS et al., Appellants, v MARY BARBARO, Respondent. [762 NYS2d 909] —In an action, inter alia, to impose a constructive trust on certain real property, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Sgroi, J.), dated February 11, 2002, which denied their motion for a preliminary injunction restraining the defendant from removing them from, or transferring, conveying, or encumbering the subject premises, and to transfer a summary proceeding entitled *Barbaro v Collins,* commenced in the District Court, Suffolk County, under Index No. ISLT 1247/01, to the Supreme Court, Suffolk County.

Ordered that the appeal from so much of the order as denied that branch of the motion which was for a preliminary injunction is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

According to the allegations in the verified complaint, the defendant, who is the aunt of the plaintiff Theresa Collins, executed a mortgage in favor of a mortgage broker and took title to certain real property that the plaintiffs wanted to purchase, with the understanding that the plaintiffs were the true owners of the property and were responsible for all maintenance costs and mortgage payments related to it. After the plaintiffs made several payments on the mortgage, the defendant prevented the plaintiffs from making timely payments to the mortgagee's assignee. The defendant then procured a judgment and warrant of eviction against the plaintiffs in a summary proceeding in the District Court, Suffolk County.

The plaintiffs commenced the instant action against the defendant, seeking, among other things, the imposition of a constructive trust on the property and to recover monetary damages. The plaintiffs moved for, among other relief, a preliminary injunction restraining the defendant from removing them from the property, and from conveying or assigning the property. The Supreme Court denied the plaintiffs' motion, indicating that their causes of action were barred by the doctrines of res judicata and collateral estoppel, as well as the statute of frauds.

The appeal from so much of the order as denied that branch of the plaintiffs' motion which was for preliminary injunctive relief is academic as a result of the sale of the property pursuant to a judgment of foreclosure and sale. However, we note that contrary to the Supreme Court's determination, the doctrines of res judicata and collateral estoppel (*see Finkelman v Finkelman,* 105 AD2d 771 [1984]; *Mason v Foxcroft Vil.,* 67 AD2d 1012 [1979]; *O'Frias v Melton,* 32 AD2d 1046 [1969], *affd* 27 NY2d 638 [1970]; *see also Ferber v Salon Moderne,* 174 Misc 2d 945 [1997]), and the statute of frauds (*see Cilibrasi v Gagliardotto,* 297 AD2d 778 [2002]; *Delango v Delango,* 203 AD2d 319 [1994]; *Gottlieb v Gottlieb,* 166 AD2d 413 [1990]), do not bar the present action.

Contrary to the plaintiffs' contention, transfer of the summary proceeding from the District Court to the Supreme Court is inappropriate under these circumstances. Feuerstein, J.P., Schmidt, Mastro and Rivera, JJ., concur.