■ MARJORIE ROSENKRANTZ, Respondent, v HARRIET M. STEINBERG, P.C., et al., Appellants. [786 NYS2d 35]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered February 20, 2003, which, to the extent appealed from, denied defendants' motion for summary judgment and granted plaintiff leave to amend the complaint, unanimously reversed, on the law, with costs, defendants' motion granted and plaintiff's cross motion, insofar as it sought leave to amend, denied. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Contrary to the IAS court's determination, this Court's unequivocal finding in *Fink Weinberger, P.C. v Rosenkrantz* (252 AD2d 368 [1998]), that Rosenkrantz's legal malpractice counterclaims against her former counsel lacked merit establishes, as a matter of law, that she cannot establish that "but for" defendants' negligence in failing to appear at a compliance conference she would have recovered on her counterclaims in the *Fink Weinberger* action. Indeed, in *Fink Weinberger*, this Court necessarily decided that Rosenkrantz lacked a reasonable excuse for her default and that she failed to demonstrate a meritorious cause of action for legal malpractice (CPLR 5015 [a] [1]; *see Alliance Prop. Mgt. & Dev., Inc. v Andrews Ave. Equities, Inc.*, 70 NY2d 831 [1987]). Accordingly, plaintiff's instant claims against defendants are barred under the doctrine of collateral estoppel. Likewise, the IAS court erred in failing to dismiss plaintiff's claim for punitive damages inasmuch as plaintiff failed to allege facts demonstrating that defendants' conduct "was so outrageous as to evince a high degree of moral turpitude and showing such wanton dishonesty as to imply a criminal indifference to civil obligations" (*Zarin v Reid & Priest*, 184 AD2d 385, 388 [1992]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Ellerin, Lerner, Friedman and Sweeny, JJ.