OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs, occupant’s motion to vacate the default final judgment granted and matter remitted for all further proceedings.
In this summary proceeding pursuant to RPAPL 713 (5), petitioner, who purportedly acquired the property by a referee’s deed executed pursuant to a mortgage foreclosure proceeding, obtained a final judgment of possession upon occupant’s default, and occupant moved pursuant to CPLR 5015 (a) (1) to vacate the final judgment and restore the matter to the trial calendar. In our view, the court below improvidently exercised its discretion in denying the motion.
Occupant showed a reasonable excuse for the default in appearing for trial and a meritorious defense (CPLR 5015 [a] [1]). The contrary determination of the court below as to reasonable excuse is predicated in part upon the court’s misapprehension as to who was representing occupant at given points in the proceeding. The court erroneously attributed the fault in failing to appear to current counsel when, in fact, prior counsel was handling the matter as of the date of trial. Prior counsel provided on the present motion a detailed affirmation sufficiently explaining, as law office failure, his lack of preparation for, and follow up to, the March 29, 2004 trial date (see generally Goldman v Cotter, 10 AD3d 289 [2004]). Present counsel was retained when it became clear that the matter had not been resolved and eviction was imminent. In this context, it must be noted that occupant, to all accounts, is bedridden and ill, and her affairs are being handled by another through a power of attorney.
In addition, occupant has demonstrated a meritorious defense to the proceeding. The court below correctly noted that title cannot be determined in the context of a housing court summary proceeding (Nissequogue Boat Club v State of New York, 14 AD3d 542 [2005]; see Ferber v Salon Moderne, 174 Misc 2d *44 945 [App Term, 1st Dept 1997]). However, the court is not ousted from jurisdiction, for purposes of determining the right to present possession at issue in this proceeding, by the nature of this defense (see RPAPL 743 [“any legal or equitable defense, or counterclaim” may be interposed in a summary proceeding]; Nissequogue Boat Club v State of New York, 14 AD3d 542 [2005], supra-, 90 NY Jur 2d, Real Property—Possessory and Related Actions §§ 198, 200). In such circumstances, the court must entertain occupant’s claims that she is the owner of the premises, that the deed from her to Thomas Parkin (whose mortgage was the subject of the foreclosure proceeding) was forged, and that she was neither a party nor the privy of a party to the foreclosure proceeding (RPAPL 1353 [3]; see RPAPL 743; Murphy v Baldari, 2003 NY Slip Op 50754[U] [App Term, 2d & 11th Jud Dists 2003]; see also Public Adm’r of Kings County v Samerson, 298 AD2d 512 [2002] [forged deed is void and conveys no title]).
We note that whatever the future res judicata effect, if any, of the determination to be made herein may be as between the parties to this proceeding (compare Nissequogue Boat Club, 14 AD3d at 543-545, with Collins v Barbara, 307 AD2d 906 [2003], and O’Frias v Melton, 32 AD2d 1046 [1969], affd 27 NY2d 638 [1970]; see generally Siegel, NY Prac § 469, at 793-794 [4th ed]), the determination herein can, in any event, have no res judicata effect against those, such as the mortgagee, who are not parties to this proceeding.
Golia, J.P, Rios and Belen, JJ., concur.