OPINION OF THE COURT
Memorandum.
Final judgment, insofar as appealed from, reversed without costs and matter remanded to the court below for entry of a final judgment awarding landlord possession and use and occupancy in an amount to be determined following a hearing.
In this holdover proceeding, landlord seeks to recover possession of a cooperative apartment located in the Village of Briar-cliff Manor. Tenant contends, inter alia, that landlord did not establish that it is entitled to maintain this proceeding because it did not show that it is the holder of the unsold shares or of the proprietary lease for the cooperative apartment in which tenant resides. Tenant also contends that the Justice Court properly dismissed the petition on the ground that she is protected under the Briarcliff Manor Fair Rental Agreement (BFRA).
In our view, landlord has standing to maintain this proceeding. Under RPAPL 721 (1), a summary proceeding may be maintained by a landlord or lessor (see Smalls v Lomax, NYLJ, Mar. 17, 1998, at 27 [App Term, 2d & 11th Jud Dists]; Ferber v Salon Moderne, 174 Misc 2d 945 [App Term, 1st Dept 1997]). Here, tenant has admitted that landlord is her lessor, because she claims that she is in possession pursuant to a 2001 letter agreement between her and landlord.
We also reject tenant’s contention that she is protected under the BFRA. The BFRA is a voluntary agreement entered into between the Village of Briarcliff Manor and several major landlords, in lieu of the Village’s adoption of the Emergency Tenant Protection Act of 1974. Section III-l of the BFRA makes it clear that the agreement does not cover units occupied by tenants who entered into possession subsequent to the conversion of the building to cooperative ownership: “Anything hereinbefore to the contrary notwithstanding, if an apartment in a building that shall have been converted to condominium or cooperative ownership shall become vacant after such conversion, *69 such apartment shall not be subject to the terms of this Agreement.” Here, the building was converted to cooperative ownership in 1984 and tenant did not take possession until 1997. Thus, tenant is not protected under the BFRA.
Moreover, while tenant claims that landlord agreed, in subsequent writings, that her tenancy would be subject to the BFRA, her claim fails because the documents that she relies on in support of this claim were not admitted into evidence. In any event, to the extent that landlord may have agreed in the 2001 letter agreement that the rent for the period of that agreement would be governed by the BFRA, landlord’s agreement did not bind it to continue to be governed by the BFRA after the expiration of that agreement (see Heller v Middagh St. Assoc., 4 AD3d 332 [2004]; Ruiz v Chwatt Assoc., 247 AD2d 308 [1998]; Mayflower Assoc. v Gray, NYLJ, Mar. 1, 1994, at 21 [App Term, 1st Dept]; see also 546 W. 156th St. HDFC v Smalls, 43 AD3d 7 [2007]).
Finally, we note that the Justice Court properly found that landlord had complied with its obligation under the Martin Act to offer tenant a lease at a rental containing a not “unconscionable” increase (General Business Law § 352-eee [2] [c] [iv]; see Paikoff v Harris, 185 Misc 2d 372 [App Term, 2d & 11th Jud Dists 1999]).
Accordingly, so much of the final judgment as dismissed the petition is reversed and final judgment is directed to be entered awarding landlord possession and use and occupancy in an amount to be determined following a hearing (see Cooper v Schube, 101 AD2d 737 [1984] [after the expiration of the lease, use and occupancy should be fixed at the fair market value of the apartment]; Phillips v Cohen, 2002 NY Slip Op 40235[U] [App Term, 9th & 10th Jud Dists 2002]).
Rudolph, EJ., LaCava and Scheinkman, JJ., concur.