IDEAL STEEL SUPPLY CORP., Appellant-Respondent, v MARSHALL H. BEIL et al., Respondents-Appellants. [865 NYS2d 299]—

In an action to recover damages for legal malpractice and breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Kelly, J.), entered July 13, 2007, as granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss stated portions of the first and third causes of action and the claim for treble damages and the defendants cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss stated portions of the first cause of action.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The defendants, an attorney and two law firms, represented the plaintiff in federal litigation entitled *Ideal Steel Supply Corp. v Anza,* commenced in the United States District Court for the Southern District of New York under docket No. 02 Civ 4788 (*see Anza v Ideal Steel Supply Corp.,* 547 US 451 [2006]) (hereinafter the underlying action). The defendants interposed claims on the plaintiff's behalf in the underlying action pursuant to the Racketeer Influenced and Corrupt Organizations Act (hereinafter RICO) (18 USC § 1962 [a], [c]), and further asserted a state claim to recover damages for breach of a settlement agreement pursuant to the supplemental jurisdiction of the United States District Court (*see* 28 USC § 1367 [a]). Issues arising in the lengthy litigation of the underlying action were ultimately heard by the United States Supreme Court, which dismissed one of the plaintiff's RICO claims and remitted another to the United States Court of Appeals for the Second Circuit for further consideration and analysis. Prior to the decision of the United States Supreme Court, the relationship of the parties deteriorated and substitute counsel was retained.

The plaintiff then commenced this action against the defendants, alleging, inter alia, legal malpractice and breach of contract, and asserting a demand for treble damages. The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). The Supreme Court granted the motion in part and denied it in part. The plaintiff appeals, and the defendants cross-appeal, from certain portions of the order that were adverse to each of them. We affirm the order insofar as appealed and cross-appealed from.

The Supreme Court properly dismissed so much of the cause of action alleging legal malpractice as challenged the defendants' election to prosecute a RICO claim in the underlying action, to the exclusion of other claims. The plaintiff failed to allege facts

to support its conclusory allegations that other claims would have been viable and would have afforded it an expeditious, less costly recovery (*see Lester v Braue,* 25 AD3d 769 [2006]; *Holschauer v Fisher,* 5 AD3d 553 [2004]; *Mayer v Sanders,* 264 AD2d 827 [1999]). In any event, the "selection of one among several reasonable courses of action does not constitute malpractice" (*Rosner v Paley,* 65 NY2d 736, 738 [1985]; *Dimond v Kazmierczuk & McGrath,* 15 AD3d 526, 527 [2005]).

The Supreme Court properly upheld the sufficiency, for the purposes of pleading, of so much of the breach of contract cause of action as alleged an unwarranted increase in hourly fees and a failure to provide promised adjustments to the billing. These claims are based on specific facts articulated in the complaint, which are sufficient to state a cause of action alleging breach of contract (*see Ground to Air Catering v Dobbs Intl. Servs.,* 285 AD2d 931 [2001]; *1414 Realty Corp. v G & G Realty Co.,* 272 AD2d 309 [2000]). Moreover, the documentary evidence submitted on the motion did not conclusively disprove these allegations (*see Turkat v Lalezarian Devs., Inc.,* 52 AD3d 595 [2008]; *McGuire v Sterling Doubleday Enters., L.P.,* 19 AD3d 660 [2005]; *Meyer v Guinta,* 262 AD2d 463 [1999]). While the retainer agreement between the plaintiff and the defendants provided that rates may be adjusted periodically, the complaint alleges that the parties entered into a subsequent oral agreement to reduce the fees. Contrary to the defendants' contention, the retainer agreement did not preclude oral modifications to the terms of the subject engagement.

The remainder of the breach of contract cause of action was properly dismissed as duplicative of the legal malpractice cause of action (*see Wright v Meyers & Spencer, LLP,* 46 AD3d 805 [2007]; *Pellegrino v File,* 291 AD2d 60, 64 [2002]; *Estate of Nevelson v Carro, Spanbock, Kaster & Cuiffo,* 290 AD2d 399 [2002]; *Mecca v Shang,* 258 AD2d 569 [1999]; *Levine v Lacher & Lovell-Taylor,* 256 AD2d 147, 151 [1998]).

The plaintiff's demand for treble damages on its legal malpractice cause of action was properly dismissed (*see Ross v Louise Wise Servs., Inc.,* 8 NY3d 478, 488 [2007]; *Rosenkrantz v Harriet M. Steinberg, P.C.,* 13 AD3d 88 [2004]; *see also* Judiciary Law § 487; *Tawil v Wasser,* 21 AD3d 948 [2005]; *Knecht v Tusa,* 15 AD3d 626 [2005]). Prudenti, P.J., Santucci, McCarthy and Chambers, JJ., concur. [*See* 2007 NY Slip Op 32030(U).]