RENATO J. PASCUAL et al., Appellants, v RUSTIC WOODS HOMEOWNERS ASSOCIATION, INC., Respondent, et al., Defendants. [21 NYS3d 687]—

In an action, inter alia, for permanent injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Dollard, J.), dated May 23, 2014, which granted the motion of the defendant Rustic Woods Homeowners Association, Inc., pursuant to CPLR 3211 (a) (10) to dismiss the complaint for failure to join a necessary party.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Rustic Woods Homeowners Association, Inc., pursuant to CPLR 3211 (a) (10) to dismiss the complaint for failure to join a necessary party is denied.

As stated in our decision and order on related appeals (*see Pasqual v Rustic Woods Homeowners Assn., Inc.*, 134 AD3d 1003 [2015] [decided herewith]), the plaintiffs commenced this action against, among others, Rustic Woods Homeowners Association, Inc. (hereinafter the Homeowners Association), and Kathleen Fogarty, as president of Rustic Woods Condominium I (hereinafter the Condominium). The Homeowners Association moved pursuant to CPLR 3211 (a) (10) to dismiss the complaint for failure to join a necessary party, contending that the Condominium was a necessary party that had not been joined.

An unincorporated association such as the Condominium has "no legal existence separate and apart from its individual members" (Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1025:2 at 341). "Unlike a partnership, an unincorporated association may not sue or be sued solely in the association name" (*id.*; *see L & L Assoc. Holding Corp. v Charity United Baptist Church*, 34 Misc 3d 355, 357 [2011]). General Associations Law § 13 provides: "An action or special proceeding may be maintained, against the president or treasurer of such an association, to recover any property, or upon any cause of action, for or upon which the plaintiff may maintain such an action or special proceed-

ing, against all the associates, by reason of their interest or ownership, or claim of ownership therein, either jointly or in common, or their liability therefor, either jointly or severally." Thus, by commencing the action against Fogarty, as president of the Condominium, the plaintiffs joined the Condominium (*see Kupferberg v Hibbard*, 48 Misc 3d 142[A], 2015 NY Slip Op 51251[U] [2015]; *Gillardi v Country Vil. Hgts. Condominium [Group I]*, 118 Misc 2d 947, 949 [1983]). Accordingly, the Supreme Court should have denied the Homeowners Association's motion pursuant to CPLR 3211 (a) (10) to dismiss the complaint for failure to join a necessary party. Rivera, J.P., Dickerson, Miller and Maltese, JJ., concur.