■ SIVAN KINBERG, Appellant, v SCHWARTZAPFEL, NOVICK, TRUHOWSKY, MARCUS, PC, Also Known as SCWARTZAPFEL, TRUHOWSKY, MARCUS SACHS, P.C., Respondent. [24 NYS3d 614]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered November 17, 2014, which granted defendant's motion to dismiss the complaint based on collateral estoppel and denied plaintiff's cross motion for partial summary judgment on the issue of liability, unanimously affirmed, without costs.

Defendant's motion, properly treated as a motion for summary judgment (CPLR 3212 [b]), is not precluded by the "single motion" rule (CPLR 3211 [e]). Although defendant previously moved to dismiss on other grounds, a "preanswer motion to dismiss based on one of the grounds set forth in CPLR 3211 (a) does not effect a waiver of the other grounds set forth in CPLR 3211 (a)," which can then be raised in support of a motion for summary judgment dismissing the complaint (*Hertz Corp. v Luken*, 126 AD2d 446, 448-449 [1st Dept 1987]; *see Tapps of Nassau Supermarkets v Linden Blvd.*, 269 AD2d 306 [1st Dept 2000]).

Plaintiff asserts a cause of action for legal malpractice against defendant law firm, which represented her in the course of her prior personal injury action. That action was dismissed after plaintiff failed to comply with discovery demands in a conditional order of preclusion (*see Kinberg v Shnay*, 25 Misc 3d 138[A], 2009 NY Slip Op 52328[U] [App Term, 1st Dept 2009]). The order dismissing plaintiff's prior action based on her violation of the preclusion order is entitled to preclusive effect in this subsequent action (*see Strange v Montefiore Hosp. & Med. Ctr.*, 59 NY2d 737 [1983]; *Kanat v Ochsner*, 301 AD2d 456, 458 [1st Dept 2003]; *see also Santoli v*

*475 Ninth Ave. Assoc., LLC*, 38 AD3d 411, 417 [1st Dept 2007]). Moreover, plaintiff's motion to vacate the order dismissing her prior action was denied for failure, inter alia, to establish the merits of her underlying personal injury claim, and that order was affirmed by the Appellate Term. Plaintiff is collaterally estopped from relitigating the merits of her underlying personal injury claim, since she had a full and fair opportunity to litigate the issue in the prior action (*see Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]; *Rosenkrantz v Harriet M. Steinberg, P.C.*, 13 AD3d 88 [1st Dept 2004], *lv dismissed in part, denied in part* 5 NY3d 729 [2005]). Therefore, plaintiff is unable to establish in this action that "but for" the attorney's negligence, she would have prevailed in the underlying matter, and her legal malpractice action against defendants was properly dismissed (*Brooks v Lewin*, 21 AD3d 731, 734 [1st Dept 2005], *lv denied* 6 NY3d 713 [2006]; *and see AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 434 [2007]).

We have reviewed plaintiff's remaining arguments and find them unavailing. Concur—Saxe, J.P., Moskowitz, Richter and Feinman, JJ.