Offer Attia, Appellant,
against
Ose Imoukhuede and Henrietta Imoukhuede, et al., Respondents.




Zisholtz & Zisholtz, LLP (Stuart S. Zisholtz, Esq.), for appellant.
Domenick J. Porco, Esq., for respondents.

Appeal from an order of the City Court of New Rochelle, Westchester County (Susan I. Kettner, J.), dated August 20, 2015. The order, insofar as appealed from, denied petitioner's postjudgment motion to punish tenants for civil contempt and granted the branch of tenants' cross motion seeking to vacate the final judgment in a nonpayment summary proceeding.




ORDERED that the order, insofar as appealed from, is affirmed, without costs.
In this nonpayment proceeding, tenants answered, alleging, among other things, that petitioner, Offer Attia, was not the owner of the property and that the petition should therefore be dismissed. After a final judgment was entered following tenants' failure to appear at trial, the parties entered into a stipulation in which it was agreed that tenants would make certain payments and that they would vacate the premises by October 31, 2014. The stipulation further provided that, in the event tenants failed to vacate by October 31, 2014, petitioner would be entitled to a judgment for rent, late fees and legal fees, totaling $2,735, which sum did not include October 2014 rent, late fees and legal fees. The stipulation also included tenants' acknowledgment that they waived representation of counsel. Tenants failed to vacate by October 31, 2014, and, on November 5, 2014, at petitioner's request, a new final judgment was entered awarding petitioner possession and the sum of $13,913. Thereafter, petitioner's counsel served a subpoena for postjudgment discovery and, upon tenants' noncompliance therewith, moved to punish tenants for civil contempt. Tenants cross-moved to, among other things, quash the subpoena and vacate the final judgment on the ground that petitioner's wife, not petitioner, was the owner of the premises and therefore petitioner lacked standing to bring the proceeding. By order entered August 20, 2015, insofar as appealed from, the City Court denied petitioner's motion and granted the branch of tenants' motion seeking to vacate the final judgment on the ground that petitioner lacked standing to bring the proceeding.
Pursuant to RPAPL 721 (1), a "landlord or lessor" is entitled to maintain a summary proceeding (see Tacfield Assoc., LLC v Davis, 43 Misc 3d 129[A], 2014 NY Slip Op 50531[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; Mirra v Pattee, 19 Misc 3d 142[A], [*2]2008 NY Slip Op 51031[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]). It has long been recognized that "if a party enters as lessee of another, and the right of the lessor is in no way altered, the lessee is estopped from denying that relation. . . . The title he then acknowledges and accepts he must abide by while the relation lasts" (Tilyou v Reynolds, 108 NY 558, 563 [1888]; see also Parkway Assoc. v Berkoff, NYLJ, Mar. 7, 1995, at 25, col 2 [App Term, 2d Dept, 2d & 11th Jud Dists 1995]; Robert F. Dolan, Rasch's Landlord and Tenant—Summary Proceedings § 5:8 [4th ed 1998]). The record demonstrates that tenants recognized petitioner as their landlord or lessor, as they admitted in their answer that they had entered into a written lease with petitioner. In these circumstances, the fact that petitioner was not the owner of the premises does not affect his standing to bring this summary proceeding against tenants (see RPAPL 721 [1]; Halle Realty Co. v Abduljaami, 42 Misc 3d 148[A], 2014 NY Slip Op 50390[U] [App Term, 1st Dept 2014]; Ferber v Salon Moderne, Inc., 174 Misc 2d 945 [App Term, 1st Dept 1997]).
Tenants' argument that they were unrepresented when they entered into the stipulation is equally unavailing. Settlement stipulations are favored and will not be undone absent proof that the settlement was obtained by fraud, collusion, mistake or accident, or other ground sufficient to invalidate a contract (see e.g. Hallock v State of New York, 64 NY2d 224 [1984]; Matter of Frutiger, 29 NY2d 143 [1971]). Tenants stipulated to waive their right to counsel. While they argue that a fraud was perpetrated by petitioner because he falsely represented that he, not his wife, was the owner of the premises, and, additionally, that this fact constitutes "newly discovered evidence," they admit to having discovered the true ownership prior to entering into the stipulation and, in fact, had asserted this claim in their answer, and so could not reasonably have relied on any alleged misrepresentation (see Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 829 [2016]). Moreover, they identify no resulting detriment (id.). 
However, while the grounds proffered by tenants for vacating the final judgment lack merit, on this record, the final judgment cannot be reinstated, as there is nothing in the record—such as an affidavit of default setting forth the amounts due—which supports an award to landlord of the sum of $13,913 (see Milio Sons, Inc. v Begum, 37 Misc 3d 137[A], 2012 NY Slip Op 52183[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). More importantly, the record does not contain a copy of the lease or otherwise establish that the court has jurisdiction to award petitioner attorney's fees as additional rent (see id.). Petitioner, if so advised, may move for the entry of a new final judgment upon proper papers. 
Petitioner's contempt motion was properly denied, as contempt is not available for the disobedience of a nonjudicial subpoena (see CPLR 2308 [b]; see also CPLR 5223, 5224).
Accordingly, the order, insofar as appealed from, is affirmed, albeit on different grounds.
Marano, P.J., Tolbert and Brands, JJ., concur.
Decision Date: April 12, 2017