Statewide Credit Services Corp., Appellant, 
against
Corona Plaza Condominium, Respondent.




Smith, Carroad, Levy & Wan, P.C. (Christine Medlock, Esq.), for appellant.
Law Office of Olga Someras, P.C. (Olga Someras, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Jodi Orlow, J.), entered May 12, 2015. The order, upon a motion by defendant to vacate a default judgment of the same court (Cheree A. Buggs, J.) entered December 29, 2014 upon defendant's failure to appear or answer, and to dismiss the complaint, granted the branch of defendant's motion seeking to vacate the default judgment.




ORDERED that the order is affirmed, without costs, and the matter is remitted to the Civil Court to determine the undisposed branch of defendant's motion seeking to dismiss the complaint. 
In this action by a collection company to recover for commissions allegedly due to it from defendant condominium, defendant moved to vacate a default judgment that had been entered against it after it failed to appear or answer, and to dismiss the complaint based on lack of personal jurisdiction. The Civil Court granted the branch of defendant's motion seeking to vacate the default judgment, but failed to dispose of the branch of defendant's motion seeking to dismiss the complaint. Plaintiff appeals from the Civil Court's order. 
The affidavit of service of the summons and the original complaint, as well as the affidavit of service of the summons and the amended complaint, show that service had been made on " Jane' Axha," at the superintendent's apartment of the condominium. Whereas the original affidavit of service, which shows service on November 26, 2013, describes Axha as "a person of suitable age and discretion," the affidavit of service of the summons and amended complaint, which shows service on June 7, 2014, describes Axha as the "MANAGING AGENT of said Corporation." In support of defendant's motion, the secretary of defendant's board of managers, Joseph Juhasz, denied that anyone authorized to receive service for defendant had been served, and stated that defendant had been unaware of the judgment until it had received notice that its bank account had been restrained. Juhasz also denied that defendant owed plaintiff the commissions demanded, since, he said, defendant had never received the monies plaintiff had [*2]allegedly collected on defendant's behalf. Juhasz added that, to the extent that plaintiff premised its cause of action on a contract it had had with defendant's alleged former managing agent, Impact Real Estate Management (Impact), any authority Impact had had to represent defendant had been terminated effective August 31, 2011. He argued, in effect, that defendant should not be held liable to plaintiff for any sums plaintiff had allegedly thereafter collected on defendant's behalf at Impact's behest.
In opposition to the motion, plaintiff's attorney asserted that, as shown by plaintiff's process server, service had been made at defendant's address on a person of suitable age and discretion, followed by a mailing; that the mail had not been returned as undeliverable; and that Juhasz's denial of receipt was insufficient to overcome the presumption of proper service created by the process server's affidavit. The Civil Court granted the branch of defendant's motion seeking to vacate the default judgment, but failed to dispose of the branch of defendant's motion seeking the dismissal of the complaint.
To the extent that the process server's initial affidavit asserts that defendant was served by leaving the summons and complaint with a person of suitable age and discretion, we note that such service is potentially effective only upon a natural person (see CPLR 308), and not upon defendant, which is named as a condominium. The claim that defendant had been effectively served by serving defendant's alleged "managing agent" at defendant condominium's street address in Corona, New York, was belied by Juhasz's denial that the summons and complaint had been served on any person authorized to receive service of process on behalf of defendant. In any event, plaintiff failed to submit any papers indicating that defendant had been properly served in accordance with the requirements of the Condominium Act (see Real Property Law §§ 339-n [7]; 339-dd; see also 19A NY Jur 2d, Condominiums and Cooperative Apartments § 109). An unincorporated condominium association may not be sued solely in the association name (see Pascual v Rustic Woods Homeowners Assn., Inc., 134 AD3d 1006, 1006 [2015]).
We further note that defendant established a potentially meritorious defense with respect to the substance of plaintiff's claim (see CPLR 5015 [a] [1]), since Juhasz stated that defendant had received none of the monies plaintiff had allegedly collected on defendant's behalf, and the papers defendant submitted demonstrated that there exists a triable issue of fact as to whether, at the time plaintiff allegedly collected monies for defendant at Impact's behest, Impact possessed either the actual or apparent authority to engage plaintiff as a debt collector for defendant. Plaintiff, which only submitted an attorney's affirmation in opposition to defendant's motion, failed either to demonstrate that plaintiff had paid any money to defendant or its agent, or to substantiate Impact's actual or apparent authority to act as defendant's agent at the time plaintiff had collected monies on defendant's behalf. In light of these circumstances, we find that the Civil Court did not improvidently exercise its discretion in granting defendant's motion to vacate the default judgment.
As the Civil Court failed to dispose of the branch of defendant's motion seeking the dismissal of the action, based on a lack of jurisdiction, we remit the matter to the Civil Court for a determination of that branch of defendant's motion.
Accordingly, the order is affirmed, and the matter is remitted to the Civil Court to determine the branch of defendant's motion seeking to dismiss the action. 
Solomon, J.P., Pesce and Elliot, JJ., concur.
Decision Date: June 02, 2017