2834-2838 Brighton 3rd Street Condominium, Respondent, 
against
Anna Bazinian, Appellant. 




Anna Bazinian, appellant pro se.
2834-2838 Brighton 3rd Street Condominium, respondent pro se.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Harriet L. Thompson, J.), entered June 7, 2017. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $2,242.




ORDERED that the judgment is reversed, without costs, and the action is dismissed without prejudice.
In this commercial claims action, plaintiff condominium association seeks to recover common charges and late fees from defendant, the owner of a condominium unit, as well as costs related to actions defendant or the occupants of her condominium unit allegedly took with respect to an electric panel located in defendant's unit. At a nonjury trial, plaintiff appeared pro se by its witness, board member Tanya Josovich. Defendant testified and submitted evidence which was intended to refute plaintiff's claims. Following the trial, the Civil Court awarded plaintiff the principal sum of $2,242. 
This action was erroneously commenced in the name of a condominium, as it is apparently organized as an unincorporated association. Since such an entity has no legal existence separate and apart from its individual members (see Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1025:2; see also Pascual v Rustic Woods Homeowners Assn., Inc., 134 AD3d 1006, 1006 [2015]), the action should have been brought by the condominium association's president or treasurer, rather than in the name of the condominium itself (see General Associations Law § 12; CPLR 1025). While this error was correctible (see Matter of Stephentown Concerned Citizens v Herrick, 223 AD2d 862, 864 n 2 [1996]; Concerned Citizens of Albany-Shaker Rd. v State of New York, 140 AD2d 842, 843 [1988]), it was not corrected (see Westport Condominium Assn. v Mayzel, 62 Misc 3d 140[A], 2019 NY Slip Op 50066[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). We note that the record fails to establish Ms. Josovich's authority to appear on plaintiff's behalf.
In view of the foregoing, we find that the judgment failed to render substantial justice between the parties (see CCA 1804-A, 1807-A) and that the action must be dismissed without prejudice.
We reach no other issue.
Accordingly, the judgment is reversed and the action is dismissed without prejudice.
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 31, 2020