Matter of Salton v Mazur (2023 NY Slip Op 01070)

Matter of Salton v Mazur

2023 NY Slip Op 01070

Decided on February 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 28, 2023

Before: Kern, J.P., Oing, Kennedy, Mendez, Pitt-Burke, JJ. 

Index No. 100008/20 Appeal No. 17407 Case No. 2022-00750 

[*1]In the Matter of Wayne Salton, Petitioner-Appellant,
v
Sergeant Jordan S. Mazur, etc., Respondent-Respondent.

Wayne Salton, appellant pro se.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Amanda Abata of counsel), for respondent.

Order and judgment (one paper) of the Supreme Court, New York County (Erika Edwards, J.), entered on or about December 15, 2021, which granted the cross motion of respondent Records Access Appeals Officer, employed by the New York City Police Department (NYPD), to dismiss the petition seeking to annul the October 29, 2019 denial of petitioner's Freedom of Information Law (FOIL) request to obtain records of an investigation related to a July 19, 2000 property clerk's invoice for his DNA and to require the NYPD to provide the requested information, and seeking costs and fees, denied the petition, and dismissed this proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The "record . . . establishes that the petition was time-barred" (Matter of Andrade v New York City Police Dept., 106 AD3d 520, 521 [1st Dept 2013]; see also Kinberg v Schwartzapfel, Novick, Truhowsky, Marcus, PC, 136 AD3d 431, 431 [1st Dept 2016]). The FOIL request at issue was petitioner's third, by which he sought the same information as in one request denied on September 5, 2018 and a second request for which his administrative appeal was denied on February 18, 2019. As each one involved the same homicide investigation, for which he was interviewed and from which he was cleared based on the DNA swab he provided, his latest request "did not extend or toll the statute of limitations on article 78 proceedings," and the commencement of the instant proceeding on January 3, 2020 was untimely (Matter of United Probation Officers Assn. v City of New York, 187 AD3d 456, 456-457 [1st Dept 2020]; accord Matter of Cross v Russo, 132 AD3d 454, 454 [1st Dept 2015]; see CPLR 217[1]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 28, 2023