Carr v Carr (2023 NY Slip Op 50461(U))

[*1]

Carr v Carr

2023 NY Slip Op 50461(U)

Decided on May 5, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 5, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LOURDES M. VENTURA, JJ

2022-735 K C

Nadine Carr, Respondent, 
against
Clement Carr, Appellant. 

New York Legal Assistance Group (Jared Riser of counsel), for appellant.
Law Offices of Jaime Lathrop, P.C. (Jaime Lathrop of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Hannah Cohen, J.), entered April 26, 2022. The order denied respondent's motion for discovery in a holdover summary proceeding.

ORDERED that the order is reversed, without costs, and respondent's motion for discovery is granted to the extent of granting respondent leave to, within 21 days of the date of this decision and order, serve both a document demand directing petitioner to respond within 30 days of service of the demand and a notice scheduling a deposition to be held no later than 45 days after the date of service of the notice.
Petitioner commenced this holdover proceeding to recover the subject premises from her father after terminating his alleged month-to-month tenancy. The court appointed a guardian ad litem for respondent, who is represented by counsel. Respondent moved for discovery (see CPLR 408) to obtain information regarding what he claims was a fraudulent deed transfer from himself to petitioner in order to support his defense that petitioner lacks standing to maintain this proceeding as she is not the true owner of the subject property. The Civil Court denied respondent's motion.
In the context of a summary proceeding, discovery is only permitted by "[l]eave of court" (CPLR 408). Granting discovery requires a showing of "ample need" (603 New Jersey Ave., LLC v Hall, 74 Misc 3d 137[A], 2022 NY Slip Op 50303[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]). A court looks at multiple factors, not all of which must be present, including "whether the party seeking discovery has asserted facts to establish a claim or defense; whether there is a need to determine information directly related to the claim or defense; whether the requested disclosure is carefully tailored and likely to clarify the disputed facts; whether prejudice will result from granting leave to conduct discovery; whether any prejudice caused by [*2]granting a discovery request can be diminished by an order fashioned by the court for that purpose; and whether the court, in its supervisory role, can structure discovery so that pro se tenants in particular will be protected" (Mautner-Glick Corp. v Higgins, 64 Misc 3d 16, 18 [App Term, 1st Dept 2019], citing New York Univ. v Farkas, 121 Misc 2d 643 [Civ Ct, NY County 1983]; see Matter of Georgetown Unsold Shares, LLC v Ledet, 130 AD3d 99 [2015]).
Here, respondent believes that he satisfied the mortgage to the subject premises, and asserted that he never transferred the deed to petitioner; that he never received any consideration for the alleged transfer; that he did not know how or why this transfer occurred; and that the transfer was fraudulent. As such, respondent seeks discovery to obtain relevant documents and conduct a deposition regarding the deed transfer, as the information is solely in the knowledge and possession of petitioner.
A court generally does not have the jurisdiction to determine title in a summary proceeding (see Nissequogue Boat Club v State of New York, 14 AD3d 542 [2005]). However, this does not bar the court from determining the right of present possession by entertaining any legal or equitable defense or counterclaim (see id.; DiStasio v Macaluso, 47 Misc 3d 144[A], 2015 NY Slip Op 50694[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; Chopra v Prusik, 9 Misc 3d 42 [App Term, 2d Dept, 2d & 11th Jud Dists 2005]). Respondent has satisfied his burden on his motion of asserting sufficient facts to show that petitioner may lack standing to maintain the summary proceeding due to a fraudulent deed transfer and seeks carefully tailored discovery to clarify these issues prior to trial with minimal prejudice to petitioner.
Accordingly, the order is reversed and respondent's motion for discovery is granted to the extent of granting respondent leave to, within 21 days of the date of this decision and order, serve both a document demand directing petitioner to respond within 30 days of service of the demand and a notice scheduling a deposition to be held no later than 45 days after the date of service of the notice.
TOUSSAINT, P.J., BUGGS and VENTURA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 5, 2023