Le Premier Condominium v Fleischman (2024 NY Slip Op 51134(U))

[*1]

Le Premier Condominium v Fleischman

2024 NY Slip Op 51134(U)

Decided on August 30, 2024

Civil Court Of The City Of New York, New York County

Ortiz, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 30, 2024
Civil Court of the City of New York, New York County

Le Premier Condominium, Petitioner, Landlord,

against
Denise Fleischman; Respondent, Tenant, John" "Doe" & "Jane" "Doe," Respondents, Undertenants.

Index No. LT 317429-23/NY

Petitioner was represented by Daniel Phillips, Esq. of Belkin, Burden, Goldman, LLP, 60 East 42 Street, 16th floor, New York, NY 10165; (212) 867-4466 and Respondent was represented by James E. Bayley, Esq., of Rose and Rose, 291 Broadway, 13th floor, New York, NY 10007; (212) 349-3366

Frances Ortiz, J.

Recitation as required by CPLR 2219(a), of the papers considered in the review of Respondent's motion for summary judgment.
Papers Numbered
Notice of Motion, Affirmation in Support & Exhibits 1/NYSCEF 33-37
Affirmation in Opposition & Exhibits 2/NYSCEF 40-41
Reply Memorandum of Law 3/NYSCEF 42
MOTION SEQ. 2
After oral argument and upon the foregoing cited papers, the Decision/Order of this Court on this motion is as follows:
This is a holdover proceeding. Petitioner, Le Premier Condominium ("Petitioner") commenced this proceeding to recover possession of the subject premises known as 112 West 56th Street, Apartment 8B, New York, New York 10019. Respondent, Denise Fleischman ("Respondent") failed to vacate the premises by August 31, 2023 which was the expiration date of her lease. The subject unit is described on the Petition as an unregulated condominium apartment.
Petitioner served Respondent with a 90-day notice of non-renewal pursuant to RPL§ 226-c. The notice of petition and petition was filed on September 5, 2023. On September 27, 2023, the initial court date, counsel for both parties appeared.
Respondent then filed a pre-answer motion to dismiss pursuant to CPLR § 3211(a) 1 and (7) claiming that the Petitioner had accepted rent during the pivotal window period between the [*2]termination date in the 90-day notice of non-renewal and the first court date. Judge Vanessa Fang determined per decision and order dated December 27, 2023, that dismissal was unwarranted as the "termination notice was not nullified" and denied Respondent's pre-answer motion. 
Respondent now files a subsequent motion pursuant to CPLR § 3212 seeking summary judgment dismissal of the instant proceeding based upon the first, second, and third affirmative defenses set forth in her answer dated January 15, 2024.
 ARGUMENT
Respondent argues that she is entitled to summary judgment pursuant to CPLR § 3212 based upon her first, second, and third affirmative defenses. The first affirmative defense asserts that Petitioner fails to state a cause of action against Respondent. The second affirmative defense indicates that Petitioner is a non-existent entity with no power or authority to terminate Respondent's tenancy. The third affirmative defense claims that Petitioner lacks standing, as only the Board of Managers may commence such a proceeding. (Bayley Afrm. ¶14/NYSCEF Doc. 34).
Petitioner in opposition contends that Respondent's motion should be denied as untimely, and that Respondent's defenses should be deemed waived pursuant to CPLR §3211 (e). Petitioner asserts that Respondent was required to interpose a defense of standing in the initial pre-answer motion to dismiss and failure to do so precludes Respondent from raising the defense in the answer and instant motion. Moreover, Petitioner claims it has standing, and Respondent is estopped from challenging its title to the premises.
In reply, Respondent further maintains that summary judgment on her affirmative defenses has been established based upon the documentary evidence submitted in the moving papers.

DISCUSSION
Summary judgment is appropriate where the movant establishes the claim by tender of evidentiary proof in admissible form sufficiently to warrant the court as a matter of law to direct judgment in its favor. Rodriguez v. City of New York, 31 NY3d 312, 317 (2018); Friends of Animals, Inc. v Associated Fur Manufacturers, Inc., 46 NY2d 1065 (1979). The failure to make such a prima facie showing requires denial of the motion regardless of the sufficiency of the opposing papers. Alvarez v Prospect Hospital, 68 NY2d 320 (1986). "Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." Alvarez v Prospect Hospital, 68 NY2d at 324. In determining the motion, the Court must be mindful that summary judgment is a drastic remedy and should not be granted when there is any doubt as to the existence of a triable issue. Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 (1978). The evidence must be considered in the light most favorable to the party opposing the motion, Henderson v City of NY, 178 AD2d 129, 130 (1st Dept 1991), and the motion must be denied where conflicting inferences may be drawn from the evidence. Nowacki v Metropolitan Life Ins. Co., 242 AD2d 265, 266 (2nd Dept 1997).
Contrary to the Petitioner's contention, the Respondent's instant motion for summary judgment pursuant to CPLR §3212 does not violate the single motion rule of CPLR §3211 (e) which is only applicable to motions to dismiss pursuant to CPLR §3211 nor impacts waiver issues. Further, a pre-answer motion to dismiss based on one of the grounds set forth in CPLR § 3211 (a) does not affect a waiver of the other grounds set forth in CPLR§ 3211(a), "which can then be raised in support of a motion for summary judgment dismissing the complaint." Kinberg v. Schwartzapfel, Novick, Truhowsky, Marcus, PC, 136 AD3d 431 (1st Dept. 2016). Here, issue was subsequently joined pursuant to Respondent's answer dated January 15, 2024. (NYSCEF Doc. 32).
Additionally, Respondent's argument seeking summary judgment on the first through third affirmative defenses is unpersuasive. This Court disagrees with Respondent's argument that Petitioner fails to state a cause of action claiming that Petitioner has no power or authority to [*3]terminate Respondent's tenancy and/or to commence this proceeding based on lack of standing for the reasons discussed below.
Article 9—B of the Real Property Law (RPL), known as the Condominium Act, (Real Property Law § 339-d to § 339-ll) regulates the ownership of condominiums. Pursuant to the Condominium Act, each unit, together with its common interest is considered real property. Real Property Law § 339-g. Each unit owner shall be entitled to the exclusive possessory ownership and possession of their unit. Real Property Law § 339-h. Owners have an undivided interest in the common elements of the condominium. Real Property Law § 339-i (3). A condominium governs itself by its own declaration and by-laws. RPL § 339—e (7); RPL § 339—u. A declaration is the instrument by which the property is submitted to the provisions of the Condominium Act and is consistent with the by-laws. The condominium by-laws set forth the operation of the property and must be annexed to the declaration. The by-laws are " in essence, an agreement among all of the individual unit owners as to the manner in which the condominium will operate, and which set forth the respective rights and obligations of unit owners, both with respect to their own units and the condominium's common elements." Schoninger v. Yardarm Beach Homeowners Ass'n, Inc., 134 AD2d 1, 6 (2nd Dep't. 1987).
Here, it is undisputed that the Petitioner was declared to be a condominium under the Condominium Act. The By-Laws were incorporated and set forth the provisions governing the "operation and use and occupancy" of the condominium. (Exhibit C/ NYSCEF Doc. 37 - Declaration of Condominium and By-Laws). Upon this Court's review of Schedule A to the By-Laws, it notes that the subject premises is not listed on the Schedule. Petitioner points out that such omission is of no consequence because Respondent does not dispute the description of the subject premises nor its landlord/tenant relationship with Petitioner. In sum, Petitioner is Respondent's landlord, under the contractual terms of the expired lease. Therefore, the fact that the subject premises did not appear on the Declaration is of no consequence to the summary judgment relief sought by Respondent.
Similarly, Respondent's argument on lack of standing based on language in RPL 339-dd is inapplicable to these facts. The statute provides discretion to a board of managers to institute a proceeding on behalf of two or more of the unit owners and with respect to any cause of action relating to the common elements or more than one unit. RPL § 339-dd; Residential Bd. of Managers of Zeckendorf Towers v. Union Square-14th Street Assocs., 190 AD2d 636, 594 N.Y.S.2d 161 (1st Dep't 1993). Here, if the instant action had been commenced by a board of managers, instead of Le Premier, its board of managers could only bring a cause of action on behalf of two or more of the unit owners as it relates to common elements. These are not the circumstances of this proceeding. This is a matter involving a single unit and does not relate to common elements. It involves possession of one particular unit.
Now, the Court turns to the cases proffered by Respondent concerning the standing of an unincorporated association to sue. Most condominiums are unincorporated associations. However, nothing prohibits a condominium from choosing to incorporate. Bd. of Managers of 28 Cliff St. Condo. v. Maguire, 191 AD3d 25 (1st Dep't 2020). Upon a review of Petitioner's Declaration and By-Laws, it is not apparent whether Petitioner is an unincorporated association. Actually, Petitioner in opposition indicates that whether or not it is incorporated is irrelevant and that a corporation may be deemed to exist and possess the capacity to contract under the doctrine of incorporation by estoppel. TY Builders II, Inc. v. 55 Day Spa, Inc., 167 AD3d 679 (2nd Dep't 2018).
The general rule is that an unincorporated association cannot sue, or be sued, in its own name, and that an action may be maintained against the president or treasurer of such an association, or against all the associates. Pascual v. Rustic Woods Homeowners Assn., Inc., 134 AD3d 1006 (2nd Dep't 2015), citing General Associations Law § 13; Board of Mgrs of the Clermont Greene Condominium v. Vanderbilt Mansions, LLC, 44 Misc 3d 1205 (A), 2014 NY Slip Op. 51023(U) (Kings Cty, Sup. Ct 2014). However, Pascual v Rustic Woods, supra. and Board of Mgrs of the Clermont Greene Condominium v. Vanderbilt Mansions, supra., involved [*4]disputes between unit owners and condominium boards over common elements of the building and whether the condominium board exceeded its authority.
Further, capacity is a threshold question involving the authority of a litigant to present a grievance for judicial review. However, standing to sue requires an interest in the claim at issue in the lawsuit which the law will recognize as a sufficient predicate for determining the issue at the litigant's request. Board of Mgrs of the Clermont Greene Condominium v. Vanderbilt Mansions, supra. Both capacity and standing are necessary for a party to sue. Here, Petitioner has both capacity and standing to sue by virtue of its landlord relationship to Respondent which was created by the lease. (NYSCEF Doc. 41 — the expired lease). The lease indicates that the landlord is "Le Premier Condominium." As such, Petitioner has an interest in the claim for possession of the subject premises and authority to bring this claim. It is undisputed that Respondent's lease was with Petitioner not the board of managers.
Generally, Real Property Actions and Proceedings Law ("RPAPL") - Article 7 - applies to cooperatives but not condominiums. Cooperatives and Condominiums in New York City Housing Court, Gerald Lebovits and James P. Tracy, 36-2 NYRPLJ 45, (2008). Because condominium unit owners do not enter into a landlord-tenant relationship with the condominium association, condominiums do not appear in Housing Court unless a unit owner leases a unit to a market-rate or rent-regulated subtenant or if a tenant remains in occupancy after a rental building converts to condominium ownership. Id.
Respondent references Sections 2.1-1 and 2.2-1 of the instant By-Laws entitled "Board of Managers" to further support the position that the board of managers and not Petitioner is authorized to commence this proceeding. Section 2.2 of the Petitioner's By-Laws generally discusses the powers and duties of the board of managers. Nothing in these sections of the By-Laws suggest that the board of managers has authority to commence a summary proceeding, under these factual circumstances. Summary proceedings are statutory in nature. RPAPL Article 7. As such, it is RPAPL §721 which governs who may maintain a summary proceeding. Condominium by-laws cannot supersede the limitations of RPAPL §721. Significantly, the court notes that the Appellate Term, Second Department in Board of Mgrs. Of J Condominium v Tornabene, 55 Misc 3d 128 (A), 55 N.Y.S.3d 691 (AT 2nd Dep;t 2017) held that an agent such as a board of managers [FN1]
is not a party authorized to maintain a summary proceeding.
Under RPAPL §721 (1), a person who can maintain a summary proceeding includes "the landlord or lessor." Here, pursuant to the lease, the Petitioner is "the landlord or lessor." As such, Petitioner has standing herein to pursue this lawsuit in housing court and validly states an interest in the premises, under RPAPL § 741 (1) for possession of the subject premises. 
Finally, contrary to Respondent's argument, proof of ownership of the premises is not a necessary element of a prima facie case to recover possession. Mason v. Foxcroft Vil., Inc., 67 AD2d 1012 (3rd Dep't 1979). To the extent that Respondent seeks to challenge Petitioner's ownership of the premises, questions of title and ownership are not properly the subject of a summary proceeding. Mattis v. Brockington, 19 Misc 3d 133(A), 859 N.Y.S.2d 904 (AT 1st Dep't 2008); Ferber v. Salon Moderne, Inc., 174 Misc 2d 945, 668 N.Y.S.2d 864 (AT 1st Dep't 1997).
Based upon the foregoing, Respondent's motion pursuant to CPLR § 3212 seeking summary judgment in her favor based on the first, second, and third affirmative defenses is denied. Respondent has not established a claim by tender of evidentiary proof in admissible form sufficiently to warrant the court as a matter of law to direct judgment in her favor. Rodriguez v. City of New York, supra.
ORDERED: that Respondent's motion for summary judgment is denied.
And further,
ORDERED: that the matter is restored to the Part C calendar for pre-trial conference on September 13, 2024, at 9:30 a.m. in Room 823.
This is the decision and order of the Court which will be uploaded to NYSCEF.
Dated: August 30, 2024
New York, NY
Frances Ortiz, J.H.C.

Footnotes

Footnote 1: Per Section 2.21 of the By-Laws, the board of managers is described as an agent of unit owners. (Exhibit C/ NYSCEF Doc. 37 - Declaration of Condominium and By-Laws,).